# DOCKETED

APR 1 1 2002

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

FILED-E04

'02 APR 10 PM 3: 14

CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| Aero Products International, Inc., a Florida corporation, and Robert B. Chaffee, an individual, | Civil Action No. |
| Plaintiffs, | **02C 2590** |
| v. | **(EASTERN DIVISION)** |
| Intex Corp., a California corporation, Intex Recreation Corp., a California corporation, Intex Plastics Corp., a California corporation, Intex Properties Corp., I P C Corinth Division Inc, a California corporation, Quality Trading, Inc., a California corporation, Wal-Mart Stores Inc., a Delaware corporation, | JUDGE JOHN W DARRAH  JURY TRIAL DEMANDED  MAGISTRATE JUDGE GERALDINE SOAT BROWN |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT AND STATE AND COMMON LAW UNFAIR COMPETITION

Aero Products International, Inc. and Robert B. Chaffee (collectively, "Plaintiffs")

bring this complaint against Defendants Intex Corp., Intex Recreation Corp., Intex Plastics

Corp., Intex Properties Corp., I P C Corinth Division Inc. (collectively, "Intex"), Quality

Trading, Inc. ("Quality Trading") and Wal-Mart Stores Inc. ("Wal-Mart").  As its complaint

against Defendants, Plaintiffs allege as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement, 35 U.S.C. § 271, federal trademark infringement in violation of section 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510 *et seq.*, violation of the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS § 505 *et seq.* and common law unfair competition.

2.      As discussed in more detail below, Defendants have infringed Plaintiffs' patent and trademark rights through their importation, sale and offers for sale of inflatable air mattresses having adjustable inflation control.  Defendants' unlawful activities are occurring in this District and in interstate commerce.

## THE PARTIES

3.      Plaintiff Robert B. Chaffee is an individual residing at 78 Montgomery Street, Boston, Massachusetts 02116, and is the inventor and owner of the United States Patent No. 5,367,726 ("'726 patent"), a true and correct copy of which is attached as Exhibit A, entitled "Pneumatic Support System."  The '726 patent was duly, properly and legally issued on November 29, 1994.

4.      Plaintiff Aero Products International, Inc. ("Aero") is a Florida corporation with a principal place of business at 1225 Karl Ct., Wauconda, Illinois 60084, and is the exclusive licensee of the '726 Patent with the right to enforce the same against infringers.

5.      Aero is the owner of a federally registered trademark, ONE TOUCH, ("ONE TOUCH mark"), which was registered on June 14, 1994.  A true and correct copy of the certified federal registration (Reg. No. 1,839,444) is attached as Exhibit B.

6.      On information and belief, Intex sells inflatable air mattresses having adjustable inflation control to Quality Trading and Wal-Mart who promote and resell them to consumers.

7.      On information and belief, Intex Corp. is a California corporation having its principal place of business at 4130 Santa Fe Avenue, Long Beach, California 90801.

8.      On information and belief, Intex Recreation Corp. is a California corporation having its principal place of business at 4130 Santa Fe Avenue, Long Beach, California 90801 and is a subsidiary of Intex Corp.

9.      On information and belief, Intex Plastics Corp. is a California corporation having its principal place of business at 4130 Santa Fe Avenue, Long Beach, California 90801 and is a subsidiary of Intex Corp.

10.      On information and belief, Intex Properties Corp. is a California corporation having its principal place of business at 4130 Santa Fe Avenue, Long Beach, California 90801 and is a subsidiary of Intex Corp.

11.      On information and belief, I P C Corinth Division Inc. is a California corporation having its principal place of business at 4130 Santa Fe Avenue, Long Beach, California 90801 and is a subsidiary of Intex Plastics Corp.

12.      On information and belief, Quality Trading, Inc. is a California corporation having its principal place of business at 1891 North Gaffey St., Suite N, San Pedro, CA 90731. On information and belief, Quality Trading Inc. advertises and sells Intex inflatable air mattresses through a distributorship agreement with Intex. Quality Trading operates websites located at www.qualitytrading.com, www.qualityinflatables.com and www.portablebeds.com, all of which sell Intex inflatable air mattresses over the Internet.

13.     On information and belief, Wal-Mart Stores Inc. is a Delaware Corporation having its principal place of business at 702 Southwest Eighth Street, Bentonville, Arkansas, 72712.  Wal-Mart has retail stores throughout the United States, and in particular in this District.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1338(a), and 15 U.S.C. § 1121.  This Court has jurisdiction over Plaintiffs' related common law and state statutory claims under 28 U.S.C. §§ 1338(b) and 1367.

15.     Venue is proper in this District under 28 U.S.C. §1391 and 1400.

16.     On information and belief, Intex is related to a company in China that conducts research and development and controls manufacture of inflatable mattresses having adjustable inflation control in China.

17.     On information and belief, Intex has imported and continues to import inflatable mattresses having adjustable inflation control into the United States.

18.     Intex has deliberately inserted inflatable air mattresses having adjustable inflation control and embodying technology protected by the '726 patent in the stream of commerce, and in particular into this District.  Intex also has advertised its products in this District through its website located at www.intexcorp.com using the ONE TOUCH mark. Intex also offers to sell replacement parts and accessories for a variety of products in this District and the rest of the continental United States through its website.

19.    On information and belief, Intex sells inflatable air mattresses having adjustable inflation control and embodying technology protected by the '726 patent to Wal-Mart and Quality Trading.

20.    Wal-Mart sells inflatable air mattresses having adjustable inflation control and embodying technology protected by the '726 patent in its retail stores throughout the United States, and in particular in this District.

21.    Quality Trading has maintained systematic and continuous contacts with this District through its conducting of business through its websites, which sell and offer to sell to consumers in this District inflatable air mattresses having adjustable inflation control and embodying technology protected by the '726 patent.

22.    Quality Trading, without the authorization, license or permission of Aero, and after Aero had established its rights in the ONE TOUCH mark, uses the ONE TOUCH mark in promoting and selling said inflatable air mattresses in this District.

23.    Intex's and Quality Trading's infringement of Plaintiffs' patent and trademark rights has injured, and continues to injure, Plaintiffs in this District where Aero and Defendants all actively sell inflatable air mattresses.

24.    Wal-Mart's infringement of Plaintiff's patent rights has injured, and continues to injure, Plaintiffs in this District where Aero and Defendants all actively sell inflatable air mattresses.

## COUNT I:
## PATENT INFRINGEMENT

25.    As a first ground for relief, Plaintiffs allege infringement by Intex, Quality Trading and Wal-Mart of the '726 patent pursuant to 35 U.S.C. § 271.  Plaintiffs repeat and reallege the allegations of paragraphs 1 through 24 above, as though fully set forth herein.

26.    Aero sells inflatable mattresses with adjustable inflation control.

27.    On information and belief, Intex imports inflatable mattresses with adjustable inflation control into the United States.

28.    Intex sells inflatable mattresses with adjustable inflation control in the United States.

29.    Intex markets and sells at least one line of inflatable mattresses with adjustable inflation control under the terms "Comfort-Rest" and "Fast-Fill Airbed."

30.    Respective photographs of Aero's and Intex's inflatable mattresses with adjustable inflation control are shown in Exhibit C.

31.    Portions of the respective packaging of Aero's and Intex's inflatable mattresses with adjustable inflation control are shown in Exhibit D.

32.    Quality Trading and Wal-Mart sell Intex mattresses in the United States, in particular the air mattresses identified in paragraph 29.

33.    Intex has infringed, and is now directly infringing, inducing infringement by others, and/or contributorily infringing one or more claims of the '726 patent within this District and elsewhere within the United States through its import, sale, and offers to sell the air mattresses identified in paragraph 29, which incorporate the protected technology of the '726 patent.

34.     As a direct result of said infringement, Intex has caused Plaintiffs irreparable injury and financial damage that will continue unless and until Intex is enjoined by this Court.

35.     Intex's infringement of the '726 patent has been and is willful, deliberate, and intentional.

36.     Quality Trading has infringed, and is now directly infringing, inducing infringement by others, and/or contributorily infringing one or more claims of the '726 patent within this District and elsewhere within the United States through its import, sale, and offers to sell air mattresses that incorporate the protected technology of the '726 patent.

37.     As a direct result of said infringement, Quality Trading has caused Plaintiffs irreparable injury and financial damage that will continue unless Quality Trading is enjoined by this Court.

38.     Quality Trading's infringement of the '726 patent has been and is willful, deliberate, and intentional.

39.     Wal-Mart has infringed, and is now directly infringing, inducing infringement by others, and/or contributorily infringing one or more claims of the '726 patent within this District and elsewhere in the United States through its sale and offers to sell air mattresses that incorporate the protected technology of the '726 patent.

40.     As a direct result of said infringement, Wal-Mart has caused Plaintiffs irreparable injury and financial damage that will continue unless Wal-Mart is enjoined by this Court.

41.     Notice of infringement has been provided to the Defendants by the filing of this complaint and pursuant to 35 U.S.C. § 287.

## COUNT II:
## FEDERAL TRADEMARK INFRINGEMENT VIOLATION
## OF SECTION 32(1) OF THE LANHAM ACT

42.     As the second ground for relief, Aero alleges violation of Section 32(1) of the

Lanham Act, 15 U.S.C. § 1114(1) by Intex and Quality Trading.  Aero repeats and realleges

the allegations of paragraphs 1 through 41 above, as though fully set forth herein.

43.     Since at least as early as November, 1991, and prior to the acts of Intex and

Quality Trading complained of herein, Aero has used the ONE TOUCH mark in connection

with inflatable mattresses with adjustable inflation control.

44.     In connection with its business, Aero adopted, began using and applied to

register, the ONE TOUCH mark.  As a result, Aero is the owner of a United States

Trademark Registration for ONE TOUCH (Reg. No. 1,839,444) for use in relation to

"inflatable furniture and mattresses with adjustable inflation control all sold as a unit for

indoor and outdoor use" in International class 20 and "inflatable mattresses with adjustable

inflation control all sold as a unit for recreational use" in International class 28 on the

Principal Register of the United States Patent and Trademark Office.  A copy of the

registration certificate is attached as Exhibit B.

45.     Aero's registration is incontestable under 15 U.S.C. § 1065.  As a result, said

registration is conclusive evidence of (1) the validity of the registered mark, (2) Aero's

ownership of the mark and (3) Aero's exclusive right to use the mark in commerce.

46.     Without the authorization, license or permission of Aero, and after Aero had

established its rights in the ONE TOUCH mark, Intex and Quality Trading began and are

continuing to use the ONE TOUCH mark in interstate commerce in the advertising, offer and

sale of inflatable mattresses with adjustable inflation control, thereby creating the impression

that the inflatable mattresses originate with, or are sponsored by, licensed by, connected with, or associated, affiliated or endorsed by Aero, when such is not the case. At the time Intex and Quality Trading began offering inflatable mattresses under the ONE TOUCH mark, both defendants had constructive notice of Aero's federally registered rights under 15 U.S.C. § 1072, and upon information and belief, both defendants knew or should have known of the valuable reputation and goodwill symbolized by the ONE TOUCH mark.

47.     Intex promotes the sale of its air mattresses through its website, www.intexcorp.com. The Intex website contains a webpage located at www.intexcorp.com/products/airbeds/default.htm. On this webpage, Intex promotes and sells inflatable air mattresses with adjustable inflation control under the ONE TOUCH mark. A true and correct copy of this webpage is attached as Exhibit E.

48.     On the Intex webpage attached as Exhibit E, Intex promotes a website, identified as "qualityinflatables.com" ("Quality Inflatables website"), from which Intex products may be purchased.

49.     On information and belief, Quality Trading operates the Quality Inflatables website. A true and correct copy of the main webpage of the Quality Inflatables website, www.qualityinflatables.com, is attached as Exhibit F.

50.     In particular, Quality Trading offers for sale the "Intex Supreme Nylon Flocked Inflatable Air Beds" designated as belonging to the "Comfort-Rest" family of products through its Quality Inflatables website. A true and correct copy of a webpage of the Quality Inflatables website selling these inflatable air mattresses, www.qualityinflatables.com/airbedfastfill.html, is attached as Exhibit G.

51.     Quality Trading uses the ONE TOUCH mark on the webpage from which it sells Intex inflatable mattresses with adjustable inflation control.  For example, as shown in Exhibit G, the webpage states that the products have "Adjustable firmness simply by adding or releasing air with ONE-TOUCH control!" and a "pump with ONE-TOUCH control!"

52.     On information and belief, Quality Trading uses slogans and graphics on its website "with the expressed written permission of Intex Recreation Corp."  This relationship with Intex is identified in a "Legal Notice" located at the bottom of the Quality Trading website, as shown in Exhibit F.

53.     Quality Trading and Intex's unauthorized and infringing use of the ONE TOUCH mark in commerce is likely to cause confusion, mistake or deception as to the source, sponsorship or approval by Aero of Intex's products and Quality Trading's sale of Intex products.  Intex's and Quality Trading's conduct is in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and has been willful.

54.     Such acts have occurred in interstate commerce and have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury for which Aero has no adequate remedy at law.

## COUNT III:
## FEDERAL UNFAIR COMPETITION - VIOLATION OF SECTION 43(A) OF THE LANHAM ACT

55.     As a third ground for relief, Aero hereby alleges violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Aero repeats and realleges the allegations of paragraphs 1 through 54 above, as though fully set forth herein.

56.     Intex's and Quality Trading's unauthorized use of the ONE TOUCH mark constitutes use of a false designation of origin or false or misleading representation in

interstate commerce that wrongfully and falsely designates, describes and represents the origin of Defendant's services as originating from or being connected with Aero, and is likely to cause confusion as to both defendants' affiliation, connection or association with Aero or as to the origin, sponsorship or approval of Intex's and Quality Trading's products by plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Intex's and Quality Trading's conduct in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), has been willful.

57.     Such acts have occurred in interstate commerce and have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury for which Aero has no adequate remedy at law.

**COUNT IV:**
**ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**

58.     As a fourth ground for relief, Aero hereby alleges violation of the Illinois Uniform Deceptive Trade Practices Act.  Aero repeats and realleges the allegations of paragraphs 1 through 57 above, as though fully set forth herein.

59.     Intex's and Quality Trading's aforesaid business activities cause a likelihood of confusion or misunderstanding as to the sponsorship, approval, affiliation or connection of both Defendants' businesses, inasmuch as these activities give rise to the incorrect belief that Intex's and Quality Trading's businesses have some connection with Aero, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq.*  Intex's and Quality Trading's conduct in violation of the Illinois Uniform Deceptive Trade Practices Act has been willful.

## COUNT V:
## ILLINOIS CONSUMER FRAUD AND
## DECEPTIVE BUSINESS PRACTICES ACT

60.     As a fifth ground for relief, Aero hereby alleges violation of the Illinois

Consumer Fraud and Deceptive Business Practices Act.  Aero repeats and realleges the

allegations of paragraphs 1 through 59 above, as though fully set forth herein.

61.     By the aforesaid acts, Intex and Quality Trading have caused, and are likely to

cause in the future, a public injury and a detrimental effect on consumers by causing

confusion as to the origin of Intex's and Quality Trading's products.  Both Defendants' said

acts are in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act,

815 ILCS § 505, *et seq*.  Intex's and Quality Trading's conduct in violation of the Illinois

Consumer Fraud and Deceptive Business Practices Act has been willful.

## COUNT VI:
## COMMON LAW UNFAIR COMPETITION

62.     As a sixth ground for relief, Aero hereby alleges common law unfair

competition.  Aero repeats and realleges the allegations of paragraphs 1 through 61 above, as

though fully set forth herein.

63.     As a result of their actions, Intex and Quality Trading have misappropriated

valuable property rights of Aero, are trading on the goodwill symbolized by the distinctive

ONE TOUCH mark, and are likely to confuse and deceive members of the purchasing public

in violation of the common law of unfair competition of the State of Illinois.

64.     Such acts have caused and, unless restrained by the Court, will continue to

cause serious and irreparable injury for which Aero has no adequate remedy at law.

**WHEREFORE**, Plaintiffs pray that this Court:

A.    Adjudge the '726 patent enforceable and not invalid;

B.    Adjudge that Defendants have infringed the '726 patent;

C.    Adjudge that Intex and Quality Trading have willfully infringed the '726 patent.

D.    Grant a permanent injunction restraining and enjoining Defendants, and their officers and representatives, from further infringement of the '726 patent during the remaining term thereof;

E.    Award Plaintiffs damages for Defendants' infringement of the '726 patent, in an amount to be determined at trial, including interest under 35 U.S.C. § 284;

F.    Award Plaintiffs an increase in damages up to three times the amount found or assessed, in view of Intex's and Quality Trading's willful and intentional violation of Plaintiffs' patent rights under 35 U.S.C. § 285;

G.    That Intex and Quality Trading, their officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, be enjoined and restrained from:

1.    Using any mark bearing a confusing similarity to the ONE TOUCH mark, including use of any such mark as part of any trademark, service mark, domain name, trade name or corporate name, or as part of any other designation, that creates a likelihood of confusion, mistake or deception with respect to Aero's ONE TOUCH mark;

2.      Doing any other act or thing likely to induce the mistaken belief that either defendant is in any way affiliated, connected or associated with Aero or its products; and

3.      Unfairly competing with Aero in any manner whatsoever.

H.      Award Plaintiffs monetary relief due to Intex's and Quality Trading's trademark infringement and unfair competition in an amount to be fixed by the Court in its discretion as just, including:

1.      All profits received by Intex and Quality Trading from sales and revenues of any kind made as a result of its unlawful actions, said amount to be enhanced as permitted by law due to Intex's and Quality Trading's willful actions,

2.      All damages sustained by Plaintiffs as a result of Intex's and Quality Trading's acts of infringement and unfair competition, and that such damages be enhanced as permitted by law due to Intex's and Quality Trading's willful actions, and;

3.      Such additional sums that the court deems just under the circumstances.

I.      Award Plaintiffs its attorney's fees, costs and expenses in this action, due to the exceptional nature of this case;

J.      Issue an order Defendants to issue Court approved advertising to correct the false and misleading advertising that was disseminated and/or available to the consuming public; and

K.      Such other and further relief as the Court may deem proper and just.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable of right by a jury.

Respectfully submitted,

Dated:  April 10, 2001

By: _____

William H. Frankel
Michael P. Chu
David H. Bluestone
Christopher M. Dolan
BRINKS HOFER GILSON & LIONE
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL  60611-5599
312/321-4200

Attorneys for Plaintiffs
Aero Products International, Inc. and
Robert B. Chaffee.

SEE CASE
FILE FOR
EXHIBITS

Civil Cover Sheet

**DOCKETED**

APR 1 1 2002

Page 1 of 2



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s): Aero Products International, Inc. and Robert B. Chaffee**

County of Residence: Lake

Plaintiff's Atty:  Michael P. Chu
Brinks Hofer Gilson & Lione
455 N. Cityfront Plaza Dr.,
Suite 3600, Chicago, IL 60611
312-321-4200

**Defendant(s):Intex Corp., Intex Recreation Corp., Intex Plastics Corp. Intex Properties Corp., I P C Corinth Division Inc., Quality Trading, Inc. and Wal-Mart Stores**

County of Residence: Los Angeles

Defendant's Atty:  02C 2590

MAGISTRATE JUDGE   JUDGE JOHN W DARRAH
GERALDINE SOAT BROWN

II. Basis of Jurisdiction:   **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal
Parties **(Diversity Cases Only)**
Plaintiff:- **N/A**
Defendant:- **N/A**

IV. Origin :   **1. Original Proceeding**

V. Nature of Suit:   **830 Patent**

VI.Cause of Action:   **Patent Infringement pursuant to 35 U.S.C. 271 and Trademark Infringement and Unfair Competition pursuant to 15 U.S.C. 1114(1) and 15 1125(a)**

VII. Requested in Complaint
Class Action:**No**
Dollar Demand:
Jury Demand:**Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____

Date: _____ 4-10-02

1-2

U TED STATES DISTRICT COU
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In the Matter of

Aero Products International, Inc. and Robert B. Chaffee
v.
Intex Corp., et al.

Case Number **02C 2590**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Aero Products International, Inc. and Robert B. Chaffee

JUDGE JOHN W DARRAH
MAGISTRATE JUDGE
GERALDINE SOAT BROWN

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME Michael P. Chu | NAME William H. Frankel |
| FIRM Brinks Hofer Gilson & Lione | FIRM Brinks Hofer Gilson & Lione |
| STREET ADDRESS 455 N. Cityfront Plaza Dr., Ste. 3600 | STREET ADDRESS 455 N. Cityfront Plaza Dr., Ste. 3600 |
| CITY/STATE/ZIP Chicago, IL 60611-5599 | CITY/STATE/ZIP Chicago, IL 60611-5599 |
| TELEPHONE NUMBER (312) 321-4200 | TELEPHONE NUMBER (312) 321-4200 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6210133 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 3127933 |
| MEMBER OF TRIAL BAR?   YES ☐   NO ☑ | MEMBER OF TRIAL BAR?   YES ☑   NO ☐ |
| TRIAL ATTORNEY?   YES ☑   NO ☐ | TRIAL ATTORNEY?   YES ☑   NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☑ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME David H. Bluestone | NAME Christopher M. Dolan |
| FIRM Brinks Hofer Gilson & Lione | FIRM Brinks Hofer Gilson & Lione |
| STREET ADDRESS 455 N. Cityfront Plaza Dr., Ste. 3600 | STREET ADDRESS 455 N. Cityfront Plaza Dr., Ste. 3600 |
| CITY/STATE/ZIP Chicago, IL 60611-5599 | CITY/STATE/ZIP Chicago, IL 60611-5599 |
| TELEPHONE NUMBER (312) 321-4200 | TELEPHONE NUMBER (312) 321-4200 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6269436 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6269648 |
| MEMBER OF TRIAL BAR?   YES ☐   NO ☑ | MEMBER OF TRIAL BAR?   YES ☐   NO ☑ |
| TRIAL ATTORNEY?   YES ☑   NO ☐ | TRIAL ATTORNEY?   YES ☑   NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☑ | DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☑ |