# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2590 | **DATE** | 1/16/2003 |
| **CASE TITLE** | AERO PRODUCTS INTERNATIONAL vs. INTEX RECREATION CORP. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Plaintiffs' motion to dismiss is denied with respect to Intex Recreation's second and third claims for relief. Plaintiff's answer to counterclaim to be filed by 2/14/03. Time to file amended pleadings is extended to 2/14/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 2 1 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 34 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 JAN 17 AM 11:54 | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AERO PRODUCTS INTERNATIONAL,
INC., a Florida corporation, and
ROBERT B. CHAFFEE, an individual,

    Plaintiffs,

v.

INTEX RECREATION
CORPORATION, a California
corporation; QUALITY TRADING,
INC., a California corporation;
WAL-MART STORES, INC.,
a Delaware corporation,

    Defendants.

INTEX RECREATION
CORPORATION, a California
corporation,

    Counter-Plaintiff,

v.

AERO PRODUCTS INTERNATIONAL,
INC., a Florida corporation, and
ROBERT B. CHAFFEE, an individual,

    Counter-Defendants.

Case No. 02 C 2590

Hon. John W. Darrah

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Aero Products International, Inc. ("Aero Products") and Robert B. Chaffee ("Chaffee"), filed suit against Defendants, Intex Corporation ("Intex"), Intex Recreation Corporation

34

("Intex Recreation"), Quality Trading Incorporated ("Quality Trading"), and Wal-Mart Stores Incorporated ("Wal-Mart"), alleging: patent infringement under 35 U.S.C. § 271; federal trademark infringement under sections 31(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a); a violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510 *et seq.*; a violation of the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS § 505 *et seq.*; and a violation of common law unfair competition.

The remaining Defendants[1] then moved to dismiss for lack of jurisdiction and for improper venue and also to change venue. In a Memorandum Opinion and Order dated September 19, 2002, the Court dismissed Intex Corporation for lack of personal jurisdiction and denied the Defendants' motions in all other respects.

Intex Recreation, Quality Trading, and Wal-Mart (collectively "Defendants") then filed an answer and a counterclaim against Aero Products and Chaffee (collectively "Plaintiffs"), seeking a declaratory judgment of patent invalidity ("First Claim for Relief"), patent non-infringement ("Second Claim for Relief"), and that the ONE TOUCH trademark is generic and descriptive and that the federal trademark registration of such mark be cancelled ("Third Claim for Relief"). Plaintiffs move, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), to dismiss the Second and Third Claims for Relief. For the reasons that follow, Plaintiffs' Motion to Dismiss the Second and Third Claims for Relief is denied.

---

[1]Plaintiffs have dismissed Defendants Intex Plastics Corp., Intex Properties Corp., and IPC Corinth Division Inc., pursuant to Federal Rule of Civil Procedure 41(a)(1)(i).

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim,'... he must 'set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985) (internal citation omitted). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

The court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The district court must review the complaint liberally, taking as true all well-pleaded allegations and the inferences that may be drawn from them. *See Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999).

## BACKGROUND

Chaffee is the inventor and owner of United States Patent No. 5,367,726 ("'726 Patent"). The patent is for a "pneumatic support system," which is a "portable, inflatable support system, and

a portable inflator for use with such a system." (Pl. Compl. Ex. A). The adjustable inflation system is used to automatically inflate mattresses for a predetermined time, or until a predetermined pressure is achieved in the mattress. Aero Products is the exclusive licensee of the '726 patent and has the right to enforce the patent against infringers. Aero Products also owns the federally registered trademark, ONE TOUCH. The trademark is for inflatable mattresses with adjustable inflation control.

Intex Recreation is a subsidiary of Intex Corporation. Intex Recreation is involved in the marketing sale of the allegedly infringing product. The intexcorp.com website is marked with "Copyright 2001 Intex Recreation Corp". Quality Trading, a California corporation, operates websites located at www.qualitytrading.com, www.qualityinflatables.com (qualityinflatables.com"), and www.portablebeds.com.

The Complaint alleges that Intex Recreation, Quality Trading, and Wal-Mart have used and continue to use the ONE TOUCH mark in the advertising, offer, and sale of inflatable mattresses with the adjustable inflation control technology. Plaintiffs allege that Defendants have created the impression that the inflatable mattresses originate with, or are sponsored by, licensed by, connected with, or are otherwise endorsed by Aero Products. Plaintiffs also allege Intex Recreation and Quality Trading have advertised inflatable air mattresses having inflation control in the Northern District of Illinois via their respective websites using the ONE TOUCH mark. Furthermore, Intex sells inflatable air mattresses having adjustable inflation control and embodying technology protected by the '726 Patent to Wal-Mart and Quality Trading.

According to the counterclaim, Chaffee is also the owner of United States Patent No. 5,267,363 ("the '363 patent"), entitled "Pneumatic Support System". (Answer & Countercl. ¶ 7.)

Aero Products is also the exclusive licensee of the '363 patent. (*Id.* ¶ 7.) The '363 patent describes a pneumatic support system that is similar to the one described in the '726 patent. (*Id.* ¶ 8.) The counterclaim also alleges that "[t]he [c]omplaint alleges that [Intex Recreation], and others, have infringed the '726 Patent and the ONE TOUCH trademark." (*Id.* ¶ 6.) The counterclaim alleges that Intex Recreation has a reasonable apprehension that Plaintiffs may claim that it has infringed the '363 patent.

The counterclaim alleges that the '726 patent is invalid, that Intex Recreation has not infringed the '363 patent, and that the ONE TOUCH trademark is invalid because the mark is descriptive and generic.

## DISCUSSION

### *Second Claim for Relief*

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201 (2003). A declaratory judgment is appropriate when it "will clarify and settle the disputed legal relationships and afford relief from the uncertainty and controversy that created the issues". *Nucor Corp. v. Aceros y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 578 (7th Cir. 1994) (citing *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir 1987)).

In a patent case, an actual controversy exists if there is "(1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or

concrete steps taken with the intent to conduct such activity. . . . Whether an actual controversy exists upon particular facts is a question of law . . . ." *BP Chem. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed. Cir. 1993). In determining whether an actual controversy exists in a patent case, the court focuses on whether the declaratory defendant's conduct rose to a level that indicates its intent to enforce its patent. *Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 888 (Fed. Cir. 1992). While an express threat of litigation is not required, a declaratory plaintiff must show "'more than the nervous state of mind of a possible infringer.'" *Vanguard Research, Inc. v. Peat, Inc.*, 304 F.3d 1249, (Fed. Cir. 2002). If there is no express charge of infringement, the court will consider the "totality of the circumstances" in determining whether the declaratory plaintiff has a reasonable apprehension of suit. *Shell Oil Co.*, 970 F.2d at 888. The declaratory plaintiff must be engaged in the actual making, selling, or using activity or have made meaningful preparation for such activity. *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed. Cir. 1988).

Plaintiffs argue that this Court lacks subject matter jurisdiction over Intex Recreation's Second Claim for Relief because there is no actual controversy. Specifically, Plaintiffs argue that no actual controversy exists because they have not acted in a way that indicates that they intend to enforce the '363 patent, and Intex Recreation fails to assert any present activity that is potentially infringing.

There is an actual controversy sufficient for subject matter jurisdiction under § 2201. Intex Recreation has a reasonable apprehension of suit. There have been actions by Aero in the past which indicate its willingness to enforce its patent rights. Aero has threatened litigation with regard to air mattresses sold by Intex Recreation based upon United States Patent No. 4, 977, 633 ("the '633 patent"), the parent of the '726 and '363 patents. The '726 and '363 patents are similar and have the

same inventor. The present action alleges infringement of the '726 patent, which is a continuation-in-part of the '363 patent. Aero's complaint does not specifically allege the manner in which Intex Recreation's activities are allegedly infringing the '726 patent. Rather, the complaint alleges that:

> 29. Intex markets and sells at least one line of inflatable mattresses with adjustable inflation control under the terms "Control-Rest" and "Fast-Fill Airbed."
>
> \*\*\*
>
> 33. Intex has infringed, and is now directly infringing, inducing infringement by others, and/or contributorily infringing one or more claims of the '726 patent within this District and elsewhere within the United States through its import, sale, and offers to sell the air mattresses identified in paragraph 29, which incorporate the protected technology of the '726 patent.

(Compl. ¶ 29, 33.) These allegations make it unclear whether the conduct that is allegedly infringing the '726 patent would not also infringe the '363 patent given the similarity of the two patents. Thus, Intex Recreation has a reasonable apprehension of suit.

The second element of the test has also been established. Both the complaint and the counterclaim allege that Intex Recreation markets and sells lines of allegedly infringing inflatable mattresses with adjustable inflation control. Therefore, Plaintiffs' motion to dismiss the second claim for relief is denied.

### *Third Claim for Relief*

Plaintiffs argue that the Third Claim for Relief should be dismissed because Intex Recreation can prove no set of facts which would entitle it to relief. Specifically, Plaintiffs argue that the ONE TOUCH mark is incontestable and, therefore, cannot be "descriptive and generic" and subject to cancellation.

The counterclaim alleges that the ONE TOUCH mark is descriptive and generic and, therefore, should be cancelled. (Answer & Countercl. ¶ 19, 20.)

"A generic term is one that refers to the genus of which the particular product is a species." *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 193 (1984). Generic terms cannot be registered and registered marks may be cancelled at any time if they have become the generic term for a good or service. *Park 'N Fly*, 469 U.S. at 193 (citing 15 U.S.C. § 1052, 1064(3)). Marks that are "descriptive", that is, they describe the qualities or characteristics of a good or service, may be registered only if it is shown that the mark has acquired "secondary meaning", which means that the mark "has become distinctive of the applicant's goods in commerce." 15 U.S.C. § 1052(e), (f).

Section 15 of the Lanham Act provides that, absent certain exceptions, "the right of the registrant to use [a mark registered on the principal register] in commerce for the goods or services on or in connection with which such registered mark has been in continuous use for five consecutive years subsequent to the date of such registration and is still in use in commerce, shall be incontestable." 15 U.S.C. § 1065 (2002). The acquisition of incontestability means that the mark "may be enforced, without proof of secondary meaning, even if it is a descriptive name for the qualities or characteristics of a good or service." *TE-TA-MA Truth Found.-Family of URI, Inc. v. World Church of the Creator*, 297 F.3d 662, 664 (7th Cir. 2002). However, § 15 of the Lanham Act also provides that "no incontestable right shall be acquired in a mark which is the generic name for the goods or services or a portion thereof . . . for which it is registered." § 1065(4). This is also the case if the mark becomes generic over time. 15 U.S.C. § 1064(3). Incontestable marks cannot be cancelled on the basis that they are merely descriptive. *Park 'N Fly*, 469 U.S. at 205 ("We conclude that the holder of a registered mark may rely on incontestability to enjoin infringement and that such an action may not be defended on the grounds that the mark is merely descriptive.").

The complaint alleges that the ONE TOUCH mark is incontestable. (Compl. ¶ 45.)

Therefore, the ONE TOUCH mark cannot be cancelled on the basis that it is merely descriptive. *Park 'N Fly*, 469 U.S. at 205. However, pursuant to § 1065, an incontestable mark may be cancelled if it is, or has become, the generic term for the good or service. "Whether a term is generic or can be trademarked is a question of fact." *Thomas & Betts Corp. v. Panduit Corp.*, 138 F.3d 277, 300 (7th Cir. 1998). Likewise, in this case, when the mark became, or if it has become, generic is a question of fact and, therefore, not appropriate for consideration on a motion to dismiss. Moreover, as Plaintiffs have acknowledged, "[t]heoretically, a set of facts could exist to support a claim that the ONE TOUCH mark is generic." (Reply Supp. Pls.' Mot. Dismiss at 10.) Therefore, dismissal of Intex Recreation's Third Claim for Relief is denied. *See Strasburger*, 143 F.3d at 359 (noting that dismissal is proper only when it appears beyond doubt that a plaintiff can prove no set of facts to support the allegations in his claim).

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Dismiss is denied with respect to Intex Recreation's Second and Third Claims for Relief.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: January 16, 2003