# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2590 | **DATE** | 12/11/2003 |
| **CASE TITLE** | Aero Products International vs. Intex Recreation Corp | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   In Court hearing held. For the reasons stated in the attached memorandum opinion and order, defendants motion for revocation of the incontestability status of the "one touch" trademark [69-1] is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | **DEC 1 2 2003** | |
| | Notified counsel by telephone. | | date docketed | 107 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AERO PRODUCTS INTERNATIONAL, INC., ) | |
| a Florida corporation, and ) | |
| ROBERT B. CHAFFEE, an individual, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No: 02 C 2590 |
| ) | |
| INTEX RECREATION CORPATION., ) | Judge John W. Darrah |
| a California corporation; ) | |
| QUALITY TRADING, INC., ) | |
| a California corporation; and ) | |
| WAL-MART STORES, INC., ) | |
| a Delaware corporation, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The Plaintiffs, Aero Products International, Inc. ("Aero") and Robert B. Chaffee, filed

suit against the Defendants, Intex Recreation Corporation ("Intex"), Quality Trading, Inc.

("Quality Trading"), and Wal-Mart Stores, Inc. ("Wal-Mart"). Presently before the Court is the

Defendants' Motion for Revocation of the Incontestability Status of the "ONE TOUCH"

Trademark. For the following reasons, the Defendants' motion is denied.

## LEGAL STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the

moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cincinnati Ins. Co.*

*v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal

purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims

or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that a genuine issue of material fact exists and to show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

## BACKGROUND

The undisputed facts, for the purposes of this motion, taken from the parties' Local Rule 56.1(a) & (b) statements of material facts (referred to herein as "Pl.'s 56.1" and "Def's 56.1") and exhibits, are as follows.

On June 14, 1994, Aero was issued, by the United States Patent and Trademark Office (the "PTO"), U.S. Registration No. 1,839,444 for the "ONE TOUCH" mark. Pl.'s 56.1 ¶ 3. In

2

July 1997, Kevin McColgan began working for Imaginair, Inc., which later became known as Aero. Def.'s 56.1 ¶ 7. On July 7, 1999, McColgan, then Aero's president, executed a declaration stating that U.S. Registration No. 1,839,444 "has been in continuous use in interstate commerce for five consecutive years from the date of the registration to the present, on or in connection with all of the goods in each of the classes recited in the registration." Pl.'s 56.1 ¶ 4.

On July 16, 1999, Aero filed its "Combined Declaration Under Sections 8 and 15" with the PTO. Aero's combined declaration does not state that McColgan had personal knowledge of the facts in the declaration. Pl.'s 56.1 ¶ 8. On November 15, 1999, the PTO accepted and acknowledged Aero's declaration; and the PTO's records indicate that Aero's registration for the ONE TOUCH mark is valid and incontestable. Pl.'s 56.1 ¶ 5, ¶ 1.

In Plaintiffs' Response to Defendants' Third Set of Interrogatories, Plaintiffs stated that "Aero's first use of the ONE TOUCH mark was at some point in 1997." Def.'s 56.1 ¶ 9. Thereafter, Aero superseded the original response with a supplemental response. Pl.'s 56.1 ¶ 7. The supplemental response stated that Plaintiffs' first use of the ONE TOUCH mark "occurred on November 1, 1991, by the RMF/DLO Group. . . . [T]he first use of the ONE TOUCH mark by Imaginair was at some point in 1997." Def.'s 56.1 ¶ 10.

McColgan was also deposed by the parties. During his deposition, McColgan indicated that he reviewed, for the purposes of his deposition, all uses of the ONE TOUCH mark by Aero since he started with the company in 1997. Pl.'s 56.1 ¶ 9. McColgan also testified that the predecessor companies of Aero, Imaginair and the RMF/DLO Group, were unorganized and that only some of the records relating to sales prior to 1997 were maintained by Imaginair before McColgan joined the company. Def.'s 56.1 ¶ 12.

3

According to his deposition, Mr. McColgan consulted corporate records that allowed him to declare that the ONE TOUCH mark had been in continuous use from July 7, 1994 through July 7, 1999. Pl.'s 56.1 ¶ 11. McColgan also testified that prior to July 1997, the predecessor companies of Aero had inventory in company warehouses and offices bearing the ONE TOUCH mark. Pl.'s 56.1 ¶ 13.

## ANALYSIS

After a federal trademark has been in force for five years, the registration becomes incontestable if the registrant files a Section 15 declaration claiming five years of continuous use of the mark. *See* 15 U.S.C. § 1065. An incontestable trademark is conclusive evidence of the validity of a registered mark, the registrant's ownership of the mark, and the registrant's exclusive right to use the mark in commerce in relation to the goods recited. 15 U.S.C. § 1115(b).

However, an incontestable mark is subject to a defense "[t]hat the registration or the incontestable right to use the mark was obtained fraudulently." 15 U.S.C. § 1115(b)(1). To prove that an incontestable right to use the mark was obtained fraudulently, the registrant must: (1) have made a "a false representation as to a material fact," (2) know or believe that the representation is false, (3) intend "to induce action in reliance on the misrepresentation." *Zee Dip, Inc. v. Dometic Corp.*, 900 F. Supp. 1004, 1009 (N.D. Ill. 1995).

Defendants first argue that Plaintiffs' interrogatory response stated that the first use of the ONE TOUCH mark was at some point in 1997. Thereafter, Aero superseded the original response with a supplemental response stating that Plaintiffs' first use of the ONE TOUCH mark

4

occurred in 1991 by one of Aero's predecessor companies. Defendants do not dispute this fact in their reply.

Defendants also claim that McColgan lacked sufficient, personal knowledge of the facts upon which to base his declaration. According to Defendants, McColgan claimed that he had personal knowledge of the facts in the declaration but testified at his deposition that he was unfamiliar with what had occurred prior to his arrival in 1997.

However, Plaintiffs point out that a declaration can be made on the basis of information and belief. *See* Trademark Manual of Examining Procedures § 804.01(b). Here, McColgan did not declare that he had personal knowledge of the facts in the declaration; but, rather, McColgan testified at his deposition that he consulted corporate records to make his declaration before the PTO. Once again, Defendants do not dispute this argument in their reply.

Lastly, Defendants contend that the Section 15 affidavit declaration by McColgan was false because he did not have sufficient information upon which he could determine that the ONE TOUCH mark was used continuously for five years. According to Defendants, the records McColgan consulted were insufficient to show that the quantity, continuity, and quality of use of the ONE TOUCH mark by Aero over the five-year period from July 7, 1994 until July 7, 1999 was continuous.

McColgan, at his deposition, testified that he reviewed corporate files to declare that the ONE TOUCH mark had been used continuously over the relevant five-year period. Defendants concede in their reply that these corporate files consisted of unsold inventory and some old advertising materials. This unsold inventory, bearing the ONE TOUCH mark, was kept in company warehouses and offices.

5

Plaintiffs argue that it can be inferred that the ONE TOUCH mark was used continuously, in commerce, because inventory and advertising bearing the mark existed in company warehouses and offices. Defendants fail to present any affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate that this combination of inventory and advertising of the ONE TOUCH mark did not exist from July 7, 1994 until July 7, 1999. In deciding a motion for summary judgment, all inferences drawn from the facts must be construed in the light most favorable to the non-moving party.

Defendants also fail to present any authority that this combination of inventory and advertising is insufficient, as a matter of law, to prove that the mark was not used continuously for the five-year period. A genuine issue of material fact exists as to whether the ONE TOUCH mark was used continuously from July 7, 1994 until July 7, 1997.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Revocation of the Incontestability Status of the "ONE TOUCH" Trademark is denied.

Dated: December 1, 2003

JOHN W. DARRAH
United States District Judge