Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2590 | **DATE** | 12/11/2003 |
| **CASE TITLE** | Aero Products International vs. Intex Recreational Corp | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] In Court hearing held. For the reasons stated in the attached memorandum opinion and order, defendants' for summary adjudication barring plaintiffs' claims on the grounds of estoppel and laches [66-1] is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| X | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 1 2 2003 date docketed | 108 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | U.S. DISTRICT COURT | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AERO PRODUCTS INTERNATIONAL, INC., )
a Florida corporation, and )
ROBERT B. CHAFFEE, an individual, )
)
    Plaintiffs, )
)
v. ) No: 02 C 2590
)
INTEX RECREATION CORPORATION., ) Judge John W. Darrah
a California corporation; )
QUALITY TRADING, INC., )
a California corporation; and )
WAL-MART STORES, INC., )
a Delaware corporation, )
)
    Defendants. )

DOCKETED
DEC 1 2 2003

## MEMORANDUM OPINION AND ORDER

The Plaintiffs, Aero Products International, Inc. ("Aero") and Robert B. Chaffee, filed suit against the Defendants, Intex Recreation Corporation ("Intex"), Quality Trading, Inc. ("Quality Trading"), and Wal-Mart Stores, Inc. ("Wal-Mart"). Presently before the Court is the Defendants' Motion for Summary Adjudication Barring Plaintiffs' Claims on the Grounds of Estoppel and Laches. For the following reasons, the Defendants' motion is denied.

## LEGAL STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims



or defenses...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that a genuine issue of material fact exists and to show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

## BACKGROUND

The undisputed facts, for the purposes of this motion, taken from the parties' Local Rule 56.1(a) & (b) statements of material facts (referred to herein as "Pl.'s 56.1" and "Def's 56.1") and exhibits, are as follows.

Chaffee is the inventor and owner of U.S. Patent Nos. 5,367,726 ("the '726 patent") and 4,977,633 ("the '633 patent"). Def.'s 56.1 ¶ 1. Aero is the exclusive licensee of the '726 patent with the right to enforce the same against infringers. Def.'s 56.1 ¶ 2.

Intex sells inflatable air mattresses to Quality Trading and Wal-Mart. Def.'s 56.1 ¶ 3. Quality Trading sells these air mattresses on a variety of websites. Def.'s 56.1 ¶ 4. Wal-Mart sells these air mattresses in its retail stores located throughout the United States. Def.'s 56.1 ¶¶ 3, 5.

Intex first displayed allegedly infringing air mattresses ("the accused products") at a sporting goods trade show in January 2000, which was attended by Aero employees. Def.'s 56.1 ¶ 7. The first accused product was not available on store shelves until October, 2000. Pl.'s 56.1 ¶ 2. Aero obtained a sample and inspected it sometime thereafter in the fall of 2000. Pl.'s 56.1 ¶ 3.

On December 18, 2000, Aero sent a letter to Tien Zee, President of Intex, accusing Intex of infringing the '633 patent by selling certain "Fast Fill" products. Def.'s 56.1 ¶ 11. The Intex product accused of infringing the '633 patent is one of the accused products in this action. Def.'s 56.1 ¶ 12. On January 11, 2001, Intex filed an action for declaratory relief in the United States District Court for the Central District of California, seeking a declaration that Intex did not infringe the '633 patent. Def.'s 56.1 ¶ 13.

At no time between December 18, 2000, and the filing of the Complaint herein on April 10, 2002, did Aero advise Intex of Aero's belief that any accused products sold by Intex infringed the '726 patent. Def.'s 56.1 ¶ 14. However, nothing prevented Intex from searching for and finding the '726 patent. Pl.'s 56.1 ¶ 10.

Aero's lead patent counsel became terminally ill and died from cancer in the summer of 2001. New patent counsel for Aero became involved with the matter in July 2001. Pl.'s 56.1 ¶ 5. On August 28, 2001, Aero and Intex agreed to resolve the litigation regarding the '633 patent. The settlement letter does not mention any other rights under the patents other than the '633 patent. The settlement letter states that Aero agrees not to assert the '633 patent against Intex's current and former air mattresses but states the "rights of the parties remain otherwise intact and are hereby expressly reserved." Pl.'s 56.1 ¶ 8. In addition, during the settlement negotiations regarding the '633 patent, there were no discussions regarding Intex's right to practice the patented technology of the '726 patent. Pl.'s 56.1 ¶ 9.

Aero, in the matter presently before this Court, sued Intex for infringement of the '726 patent.[1] Intex has denied infringing the '726 patent. Instead, at the time of the declaratory suit, Intex relied upon a written opinion of an attorney in determining that it is proper to continue to sell the accused products. Pl.'s 56.1 ¶ 11.

## ANALYSIS

Defendants seek to bar Plaintiffs' patent claims on two counts: (1) equitable estoppel and (2) laches. Under both defenses, Defendants have the burden of proof. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1032, 1043 (Fed. Cir. 1992) ("*A.C. Aukerman*").

*Equitable Estoppel*

To establish equitable estoppel, Defendants must prove that: (1) statements or conduct by Plaintiffs communicated "something in a misleading way, either by words, conduct, or silence;"

---

[1] By separate order, the Court has granted Defendants' Motion for Summary Adjudication of Non-Infringement of U.S. Patent No. 5,267,363 as to certain numbered products by agreement of the parties.

4

(2) Defendants relied on those communications; and (3) Defendants were materially prejudiced by relying on those statements. *A.C. Aukerman*, 960 F.2d at 1041. If all three elements are established, other evidence and facts respecting the equities of the parties must be taken into account. *A.C. Aukerman*, 960 F.2d at 1043.

To prove the first factor, Defendants contend that they were misled by Plaintiffs' conduct in asserting the '633 patent. According to Defendants, Plaintiffs knew, as of December 2000, that Defendants allegedly infringed the '726 patent. However, Plaintiffs remained intentionally silent about the '726 patent, served a cease-and-desist letter on the '633 patent, and settled a declaratory action filed by Defendants regarding the '633 patent.

While it is true that misleading inaction can be misleading conduct, "plaintiff's inaction must be combined with other facts respecting the relationship or contacts between the parties to give rise to the necessary inference that the claim against the defendant is abandoned." The typical example of misleading silence requires a patentee to specifically object to allegedly infringing activities but then remain silent for a number of years. *A.C. Aukerman*, 960 F.2d at 1042.

Here, as set out above, Plaintiffs never objected with regard to the '726 patent; they only objected to the '633 patent. However, the declaratory action concerning the '633 patent, filed by the Defendants, and the subsequent settlement negotiations did not discuss the '633 patent; and the '633 settlement letter states the "rights of the parties remain otherwise intact and are hereby expressly reserved."

In addition, "for equitable estoppel the alleged infringer cannot be unaware – as is possible under laches – of the patentee and/or its patent." *A.C. Aukerman*, 960 F.2d at 1042; *see*

5

*also Winbond Elecs. Corp. v. Int'l Trade Comm'n*, 262 F.3d 1363, 1374 (Fed. Cir. 2001) ("[F]or this form of estoppel, the alleged infringer must have knowledge of the patentee and its patent . . . ."). Here, Defendants claim that they were unaware of the '726 patent. However, it is undisputed that nothing prevented Intex from searching for and finding the '726 patent. Defendants have not presented any affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate that they were aware of the '726 patent at any time before Plaintiffs filed suit in the currently pending matter.

Finally, for the purposes of summary judgment, Defendants have failed to satisfy the second element of an equitable estoppel claim – that they relied on Plaintiffs' alleged communications. Defendants claim, in an affidavit presented by Intex's vice-president, William F. Smith, that they relied on Plaintiffs' silence regarding other patents in settling the '633 declaratory action. According to Defendants, they would not have settled the '633 action if they knew another patent could be asserted in an infringement action.

However, both parties agree that Intex relied upon a written opinion of an attorney in determining that it was proper to continue to sell the accused products in the currently pending matter. It can be reasonably inferred that Defendants would have continued to sell the accused products, based on advice of counsel, even if the '726 patent was asserted with the '633 patent. *See Gasser Chair Co. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770, 775 (Fed. Cir. 1995) ("*Gasser*") ("[T]he evidence of record showed that Infanti was indifferent to whether Gasser would sue because of his personal belief that the patent was invalid.").

Defendants contend that they might have acted differently with regard to the '726 patent, and not followed the written advice of an attorney, if it was asserted in December 2000.

However, on summary judgment, all inferences are drawn from the facts in the light most favorable to the non-moving party – the Plaintiffs. Accordingly, a genuine issue of material fact exists as to whether Defendants relied on Plaintiffs' alleged communicatory silence.

*Laches*

To establish laches, Defendants must prove that: (1) the Plaintiffs unreasonably delayed in filing suit from the time they knew or reasonably should have known of its claim against the Defendants; and (2) the delay prejudiced the Defendants. *A.C. Aukerman*, 960 F.2d at 1032. "A court must also consider and weigh any justification offered by the plaintiff for its delay." *A.C. Aukerman*, 960 F.2d at 1033. The length of delay, the materiality of the prejudice, the plaintiff's justification for the delay, the defendant's conduct, and any other equitable reason must be considered in making a determination on a laches defense. *A.C. Aukerman*, 960 F.2d at 1034.

To prove the first factor, Defendants contend that Plaintiffs delayed at least seventeen months in filing suit, from December 2000, when Plaintiffs served their cease-and-desist letter on Defendants, until April 2002, when Plaintiffs filed suit in the currently pending matter. Defendants also argue that Plaintiffs knew that the accused products existed, and were allegedly infringing the '726 patent, possibly as early as January 2000, when the accused products were displayed at the sporting goods trade show.

A six-year delay in filing suit is presumptively unreasonable. *A.C. Aukerman*, 960 F.2d 1035-36. However, whether a shorter delay in filing suit is unreasonable "depends on the facts and circumstances of each case." *Gasser*, 60 F.3d at 773.

Here, although Defendants claim up to a twenty-eight month delay by Plaintiffs in filing suit, Plaintiffs have asserted that they did not obtain and inspect a sample until fall 2000. It is undisputed by the parties that Plaintiffs filed suit within seventeen months.

Also, Plaintiffs' patent counsel died in the summer of 2001, and the new patent counsel was not acquired until July 2001. On summary judgment, all inferences are drawn from the facts in the light most favorable to the non-moving party – the Plaintiffs. It is reasonable to infer, as Plaintiffs suggest, that the new patent counsel needed some time to transition and learn about the matter. Under this set of facts, a seventeen-month delay in filing suit on the '726 patent is not so unreasonable to bar, at the summary judgment stage, Plaintiffs' pending lawsuit on the grounds of laches.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Adjudication Barring Plaintiffs' Claims on the Grounds of Estoppel and Laches is denied.

Dated: November 11, 2003

JOHN W. DARRAH
United States District Judge

8