# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2590 | **DATE** | 1/29/2004 |
| **CASE TITLE** | Aero Products Intl vs. Intex Recreation Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, plaintiffs' motion for sanctions is denied [86-1]. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AERO PRODUCTS INTERNATIONAL, INC., ) <br> a Florida corporation; and ) <br> ROBERT B. CHAFFEE, an individual, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> INTEX RECREATION CORPORATION, ) <br> a California corporation; ) <br> QUALITY TRADING, INC., ) <br> a California corporation; and ) <br> WAL-MART STORES, INC., ) <br> a Delaware corporation, ) <br> ) <br> Defendants. ) | No: 02 C 2590 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

The Plaintiffs, Aero Products International, Inc. ("Aero") and Robert B. Chaffee, filed suit against the Defendants, Intex Recreation Corporation ("Intex"); Quality Trading, Inc. ("Quality Trading"); and Wal-Mart Stores, Inc. ("Wal-Mart"). Presently before the Court is Plaintiffs' Motion for Sanctions. For the following reasons, the Plaintiffs' motion is denied.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provides authority to sanction litigants that fail to comply with their discovery obligations. Rule 37(c)(1) provides:

> A party that without substantial justification fails to disclose information as required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or on a motion, any witness or information not so disclosed. In addition or in lieu of this sanction, the court, on motion after affording opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including

attorney's fees, caused by the failure, these sanctions may include any actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

Rule 37(b)(2)(A) states that if a party fails to comply with a court order regarding discovery, "an order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order" may be entered.

District courts have "wide latitude in fashioning appropriate" discovery sanctions. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999). However, a sanction must be proportionate to the circumstances resulting in a litigant's failure to comply with its discovery obligations. "The sanction must be one that a reasonable jurist, apprized of all of the circumstances, would have chosen as proportionate to the infraction." *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998).

If a litigant knows have should of known that it failed to comply with a discovery order, it may be found at fault for failure to comply with the order. *See Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 671 (7th Cir. 1996). A knowing and willing violation of a discovery order merits a finding of bad faith against the violating litigant. While bad faith is not necessary to impose sanctions, discovery sanctions are proper if the litigant acts in bad faith, willfully violates a discovery order, or is found at fault for failure to comply with a discovery order. *In re Golant*, 239 F.3d 931, 936, n.1 (7th Cir. 2001).

## BACKGROUND

*Document Discovery*

Intex is part of a multi-corporation structure. Defendant Intex sells the products that Plaintiffs accuse infringe their United States patent rights. A separate management corporation provides management services to Intex. Tien Zee is the president of both Intex and the separate management corporation, and Tien Zee's holding company owns both entities. These companies are collectively referred to as the "American Intex Companies."

Intex purchases the accused products from a foreign corporation, "Intex Trading Ltd." A separate, second foreign management corporation provides Intex Trading Ltd. with management services. Tien Zee runs Intex Trading Ltd. and is the president of the foreign management corporation. Tien Zee also runs the factories that design and manufacture the accused products. These companies are collectively referred to as the "Foreign Entities."

Plaintiffs sought production of documents relating to the development of the original accused products. According to Plaintiffs, Intex developed the accused products by copying Plaintiffs' patented air mattress. In January 2003, Plaintiffs asked Intex for the documents in the possession of the Foreign Entities. Intex did not produce a single document related to the development of these products; Intex stated, in May 2003, that these materials are not discoverable because they are in the possession of the Foreign Entities. However, despite the links that Plaintiffs claim exist between the American Intex Companies and the Foreign Companies, Plaintiffs never filed a motion to compel production of these documents.

*Electronic Discovery*

In February 2003, Aero learned that Intex had been deleting all of its e-mails every thirty days since the case was filed in April 2002. On April 1, 2003, a protective order was entered that required Intex to make a full and complete effort to recover any and all destructed electronic documents, including e-mail. The order also stated that Plaintiffs may petition for the appointment of a computer forensics expert to assist in recovering electronic data and that Plaintiffs may request that Intex bear the costs of this computer forensics expert.

In May 2003, Intex produced forty-five pages of documents. Intex also produced a declaration from Mark Hunter of Pinkerton that described Intex's efforts to retrieve the destroyed e-mails. Intex searched a certain type of file on selective computers. Aero found these submissions unacceptable; and, thereafter, Aero and Intex engaged in negotiations to hire a computer forensics expert. These negotiations ultimately proved fruitless. However, at no time did Plaintiffs file a petition seeking the appointment of a computer forensics expert.

## ANALYSIS

Plaintiffs move for discovery sanctions against Defendants, pursuant to Federal Rules of Civil Procedure 37(c)(1) and 37(b)(2)(A). Specifically, Plaintiffs seeks sanctions finding that: (1) Intex copied Aero's commercial embodiment of the '726 patent; (2) any infringement of the '726 patent by Intex was willful; and (3) Defendants' equitable defenses of laches and estoppel are dismissed with prejudice because its litigation misconduct and copying activities preclude equitable relief. Plaintiffs also seek fees and costs for bringing this motion, deposing Tien Zee, and investigating Intex's destruction of electronic evidence.

4

Plaintiffs offer two arguments for why sanctions should be entered against Defendants. First, Plaintiffs contend that Intex hid documents and lied about its relationship with the Foreign Entities. Secondly, Plaintiffs assert Intex failed to comply with the April 1, 2003 order regarding electronic discovery.

*Document Discovery*

Plaintiffs first argue that because the American Intex Companies and the Foreign Entities are related, Intex had the practical ability to obtain documents from the Foreign Entities. Plaintiffs, though, never brought a motion to compel these documents. Plaintiffs claim that they did not know the extent of any relationship until late September, when Tien Zee was deposed. However, in January 2003, Plaintiffs asked for the documents in the possession of the Foreign Entities. Moreover, Plaintiffs knew by May 2003 that Intex would not turn over the requested documents.

Entering findings of copying and willful infringement are serious sanctions. These findings, if Defendants are found liable for infringement, would enable Plaintiffs to possibly recover treble damages. *See, e.g., Transclean Corp. v. Bridgewood Servs., Inc.*, 290 F.3d 1364, 1377-78 (Fed. Cir. 2002). Under the circumstances, such drastic sanctions are not warranted. Plaintiffs had at least five months to bring a motion to compel the requested documents and failed to do so.

Plaintiffs also claim that Intex lied about its involvement in the design and manufacture of the accused products. According to Plaintiffs, Intex stated, in an interrogatory response, that it was not involved in the manufacture, design, or development of the accused products. Plaintiffs further contend that Tien Zee saw the Aero mattress and had the Foreign Entities make a copy.

5

However, entering a finding that Intex copied and willfully infringed Aero's patent would be a disproportionate sanction for Intex's alleged failure to comply with its discovery obligations. As Plaintiffs concede in their reply, Intex is correct in asserting that reviewing competitors' products does not prove copying. "[O]ne wonders how to distinguish between the intentional copyist making minor changes to lower the risk of legal action, and the incremental innovator designing around the claims, yet seeking to capture as much as is permissible of the patented device." *Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 36 (1997).

Lastly, Plaintiffs assert that Intex's conduct during Tien Zee's deposition was improper because Tien Zee would not answer questions about the ownership of the Foreign Entities because of privacy concerns. However, entering conclusive findings of copying and willful infringement would be a disproportionate and inappropriate remedy for this alleged refusal to answer deposition questions, particularly when Plaintiffs failed to take any steps to compel answers. Also, Plaintiffs have not shown any connection between ownership of the Foreign Entities and the alleged copying and infringement of the patented products.

Furthermore, awarding fees and costs for deposing Tien Zee would not be appropriate; it appears the parties reached a good-faith dispute over the ownership of the Foreign Entities during the deposition. Plaintiffs made no attempt to resolve this dispute by filing a discovery motion. Accordingly, Plaintiffs' motion seeking sanctions for the failure to comply with documentary discovery requests is denied.

*Electronic Discovery*

Plaintiffs' request for sanctions concerning electronic discovery is also denied. The order requiring Intex to make a full and complete undertaking to recover any and all destructed

6

electronic documents was issued on April 1, 2003. Intex first attempted to comply with that order in May 2003. Aero found Intex's submissions unacceptable. Aero then attempted to negotiate with Intex over the appointment of a computer forensics expert.

However, at no time did Aero file a petition, as was its right under the April 1, 2003 order, seeking the appointment of a computer forensics expert to assist in recovering electronic data. Plaintiffs were also entitled to request that Intex bear the costs of the computer forensics expert. Instead, Plaintiffs did nothing further before they filed the present motion for sanctions, on October 15, 2003. Plaintiffs waited over seven months to bring this mater before the Court. It would also be unjust to award these sanctions now. Accordingly, Plaintiffs' motion seeking sanctions for Intex's alleged failure to comply with the April 1, 2003 order regarding electronic discovery is denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Sanctions is denied.

Dated: January 29, 2004

JOHN W. DARRAH
United States District Judge