Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2590 | **DATE** | 2/24/2004 |
| **CASE TITLE** | Aero Products Int'l, Inc., et al. v. Intex Recreation Corp., et al. | | |

**MOTION:**
[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____.  Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The parties have been provided a copy of the Court's proposed jury instructions.  Any objections to the Court's proposed jury instructions are to be presented at the 8:00 a.m. jury instruction conference on February 25, 2004.  The parties shall also submit additional proposed jury instructions at that time.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| √ | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 27 2004 | |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | 158 |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

**DOCKETED**
FEB 27 2004

MEMBERS OF THE JURY:

The evidence and arguments in this case have been completed, and I will now instruct you as to the law applicable to this case. It is your duty to follow all of the instructions.

You must not question any rule of law stated by me in these instructions. Regardless of any opinion you may have as to what the law ought to be, you must base your verdict upon the law given by me.

It is your duty to determine the facts from the evidence in this case. You are to apply the law given to you in these instructions to the facts and in this way decide the case.

This case should be considered and decided by you as an action between parties of equal standing in the community. All parties stand equal before the law and are to be dealt with as equals in a court of justice.

Court's Combined Jury Instruction # 1

Given: ✔

Refused: _____

Chief Judge Kocoras's Jury Instructions in Civil Cases, Instruction 1 (Rev. 09/2002) (verbatim)

158

## EXCLUSIVE JUDGES OF THE FACTS

Neither by these instructions, nor by any ruling or remark which I have made, do I mean to indicate any opinion as to the facts or as to what your verdict should be.  You are the sole and exclusive judges of the facts.

Court's Combined Jury Instruction # 2

Given: ✔

Refused: _____

**Chief Judge Kocoras's Jury Instructions in Civil Cases, Instruction 2 (Rev. 09/2002) (verbatim)**

## WHAT IS EVIDENCE

The evidence consists of the sworn testimony of the witnesses, the exhibits received in evidence, and stipulations.

A stipulation is an agreed statement of facts between the parties, and you should regard agreed statements as true.

You are to consider only the evidence received in this case. You should consider this evidence in the light of your own observations and experiences in life. You may draw such reasonable inferences as you believe to be justified from proved facts.

You are to disregard any evidence to which I sustained an objection or which I ordered stricken. Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded. You should not be influenced by sympathy, prejudice, fear or public opinion.

Court's Combined Jury Instruction # 3

Given: ✓

Refused: _____

Chief Judge Kocoras's Jury Instructions in Civil Cases, Instruction 3 (Rev. 09/2002) (verbatim)

## ARGUMENTS AND STATEMENTS OF COUNSEL NOT EVIDENCE

Opening statements of counsel are for the purpose of acquainting you in advance with the facts counsel expect the evidence to show. Closing arguments of counsel are for the purpose of discussing the evidence.

Opening statements, closing arguments, and other statements of counsel should be disregarded to the extent they are not supported by the evidence.

During the course of trial, it sometimes becomes the duty of counsel to make objections and for the court to rule on them in accordance with the law. The fact that counsel made objections should not influence you in any way.

Court's Combined Jury Instruction # 4

Given: ✓

Refused: _____

Chief Judge Kocoras's Jury Instructions in Civil Cases, Instruction 4 (Rev. 09/2002) (verbatim)

# CREDIBILITY OF WITNESSES

You are the sole judges of the credibility of the witnesses, and of the weight to be given to each of them. In considering the testimony of any witness, you may take into account the witness' intelligence, ability and opportunity to observe, age, memory, manner while testifying, any interest, bias, or prejudice the witness may have, and the reasonableness of the testimony considered in the light of all the evidence in the case.

Court's Combined Jury Instruction # 5

Given: _____

Refused: _____

Chief Judge Kocoras's Jury Instructions in Civil Cases, Instruction 6 (Rev. 09/2002) (verbatim)

# IMPEACHMENT

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

Court's Combined Jury Instruction # 6

Given: ✓ _____

Refused: _____

Federal Jury Practice and Instructions (Civil), Vol. 3, Kevin F. O'Malley, et al. (5th ed. 2000), Instruction No. 105.04 (modified)

## "INFERENCES" DEFINED

You are to consider only the evidence in this case.  However, you are not limited to the statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You may draw from the facts that you find to be proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from the facts established by the evidence in the case.

Court's Combined Jury Instruction # 7

Given: ✓ _____

Refused: _____

Federal Jury Practice and Instructions (Civil), Vol. 3, Kevin F. O'Malley, et al. (5th ed. 2000), Instruction No. 104.20 (verbatim)

## OPINION EVIDENCE

You have heard witnesses (sometimes referred to as experts) give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

Court's Combined Jury Instruction # 8

Given: ✓

Refused: _____

Chief Judge Kocoras's Jury Instructions in Civil Cases, Instruction 8 (Rev. 09/2002) (modified)

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by reading a deposition transcript or

showing a videotape of the deposition.  This testimony is entitled to the same consideration you

would give it had the witnesses personally appeared in court.

Court's Combined Jury Instruction # 9

Given:  ___✔___

Refused:  _____

Chief Judge Kocoras's Jury Instructions in Civil Cases, Instruction 9 (Rev. 09/2002) (modified)

## ANSWERS TO INTERROGATORIES

Each party has introduced into evidence certain interrogatories – that is, questions together with answers signed and sworn to by the other party.  A party is bound by its sworn answers.

Court's Combined Jury Instruction # 10

Given: _____

Refused: _____

Federal Jury Practice and Instructions (Civil), Vol. 3, Kevin F. O'Malley, et al. (5th ed. 2000), Instruction No. 104.72 (verbatim)

## CHARTS RECEIVED IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Court's Combined Jury Instruction # 11

Given: ✔

Refused: _____

Manual of Model Jury Instructions For the District Courts of the Ninth Circuit (2003 Ed.),

Instruction No. 3.10

## USE OF NOTES

You may use notes taken during trial to assist your memory.  Notes, however, should not be substituted for your memory, and you should not be overly influenced by the notes.

Court's Combined Jury Instruction # 12

Given: ✓

Refused: _____

Manual of Model Jury Instructions For the District Courts of the Ninth Circuit (2003 Ed.), Instruction No. 4.2

## DESTRUCTION OF EVIDENCE

When a party has notice that evidence and or documents within its custody and control are relevant to pending litigation, that party has a legal duty to preserve the relevant evidence, and must take reasonable steps to prevent the destruction or loss of that evidence.

During the first year of this litigation, from April 2002 to February 2003, Intex destroyed all of its email every thirty days. In doing so, Intex failed to preserve documents and evidence that it had a legal duty to preserve.

You are permitted, but not required to, infer that the evidence Intex failed to preserve between April 2002 and February 2003 would have been unfavorable to Intex and consequently deprived Aero of documents material to its case. In deciding whether to draw this inference you should consider whether the evidence that Intex failed to preserve would have duplicated any other evidence already before you.

Court's Combined Jury Instruction # 13

Given: ✓

Refused: _____

April 1, 2003 Court Order; Pending Motion for Sanctions

## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

As I instructed you at the beginning of this case, facts must be proved by a required standard of evidence, known as the "burden of proof." As I told you at the beginning of the case, in this case, there are two different burdens of proof that are used.

The first burden of proof standard is the preponderance of the evidence standard. A preponderance of the evidence means evidence that persuades you that a claim is more probably true than not true.

Court's Combined Jury Instruction # 14

Given: ✔

Refused: _____

Federal Circuit Bar Association Model Patent Jury Instructions, Instruction 1.1 (modified);

Pattern Jury Instructions (Civil Cases), Fifth Circuit, District Judges Association (1996 Ed.), Cautionary Instructions, Instruction No. 2.20 (modified)

## BURDEN OF PROOF - CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  Such evidence requires a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

Court's Combined Jury Instruction # 15

Given: ✓

Refused: _____

Manual of Model Jury Instructions For the District Courts of the Ninth Circuit (2003 Ed.), Instruction No. 1.14 (verbatim)

## DETAILED INSTRUCTIONS ABOUT THE PATENT LAWS

At the beginning of the trial, I gave you some general information about patents and the patent system and a brief overview of the patent laws relevant to this case.   I will now give you more detailed instructions about the patent laws that specifically relate to this case.   If you would like to review my instructions at any time during your deliberations, they will be available to you in the jury room.

Court's Combined Jury Instruction # 16

Given: _✓_

Refused: _____

Federal Circuit Bar Association Model Patent Jury Instructions, Instruction 6 (verbatim)

## CONSTRUCTION OF THE CLAIMS

In deciding whether or not an accused product infringes a patent, the first step is to understand the meaning of the words used in the patent claims.

It is my job as Judge to determine what the patent claims mean and to instruct you about that meaning. You must accept the meanings I give you and use them when you decide whether or not the patent is infringed, and whether or not it is invalid.

The claims are at the end of the '726 patent. The claims of the '726 patent begin at column 9, line 66 of the patent. Only claims 9, 12, 13, 14, and 15 are at issue.

Court's Combined Jury Instruction # 17

Given: ✓

Refused: _____

Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. 7.1 (modified);

*Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384-391 (1996);

*Bell Atlantic Network Servs., Inc. v. Covad Communications Group, Inc.*, 262 F.3d 1258, 1267 (Fed. Cir. 2001);

*Interactive Gift Express, Inc. v. Compuserve, Inc.*, 256 F.3d 1323, 1331 (Fed. Cir. 2001);

*SciMed Life Systems, Inc. v. Advanced Cardiovascular Sys.*, 242 F.3d 1337, 1341 (Fed. Cir. 2001);

*AFG Indus., Inc. v. Cardinal IG Co.*, 239 F.3d 1239, 1244-45 (Fed. Cir. 2001);

*Hill-Rom Co. v. Kinetic Concepts, Inc.*, 209 F.3d 1337, 1340-41 (Fed. Cir. 2000);

*Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1304-06 (Fed. Cir. 1999);

*Johnson Worldwide Assocs., Inc. v. Zebco Corp.*, 175 F.3d 985, 988-90 (Fed. Cir. 1999);

*Cybor Corp. v. FAS Techs., Inc.*, 138 F. 3d 1448, 1455-56 (Fed. Cir. 1998);

*Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1581-84 (Fed. Cir. 1996);

*Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977 (Fed. Cir. 1995) (*en banc*);

*Rival Co. v. Sunbeam Corp.*, 987 F. Supp. 1167, 1171 (W.D. Miss. 1997) *aff'd without op.*, 185 F. 3d 885 (Fed. Cir. 1999);

*Minuteman Int'l, Inc. v. Critical-Vac Filtration Corp.*, No. 95 C 7255, 1997 WL 187326, at *2 (N.D. Ill. April 11, 1997)

## CLAIM CONSTRUCTION - INDEPENDENT AND DEPENDENT CLAIMS

Patent claims may exist in two forms, referred to as independent claims and dependent claims. An independent claim does not refer to any other claim of the patent. It stands by itself. Thus it is not necessary to look at any other claim to determine what an independent claim covers. Claims 9 and 12 of the '726 patent, for example, are independent claims.

A dependent claim refers to at least one other claim in the patent. A dependent claim includes each of the limitations of the claim or claims to which it refers, as well as the additional limitations recited in the dependent claim itself. Therefore, to determine what a dependent claim covers, it is necessary to look at both the dependent claim and the other claim or claims to which it refers.

Claims 13, 14 and 15 are dependent claims. They refer to claim 12. To determine what a dependent claim covers, the words of the dependent claim and the words of the independent claim must be read together. For example, to determine what dependent claim 13 covers, the words of claim 13 and the words of claim 12 must be read together.

Court's Combined Jury Instruction # 18

Given: ✓

Refused: _____

Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. 7.2;

35 U.S.C. §§ 112 ¶ 4 (1984);

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 236 F.3d 1363, 1369-70 (Fed. Cir. 2001);

*Dow Chem. Co. v. United States*, 226 F.3d 1334, 1341-42 (Fed. Cir. 2000);

*Sibia Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F. 3d 1349, 1359 (Fed. Cir. 2000);

*Wolverine World Wide, Inc. v. Nike, Inc.*, 38 F.3d 1192, 1199 (Fed. Cir. 1994);

*Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993);

*Marsh-McBirney, Inc. v. Montedoro-Whitney Corp.*, 882 F.2d 498, 504 (Fed. Cir. 1989);

*Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552-23 (Fed. Cir. 1989)

## CLAIM CONSTRUCTION - "COMPRISING CLAIMS"

The beginning portion, or preamble, of claims 9 and 12 of the '726 patent use the word "comprising." "Comprising" means "including" or "containing." A claim that uses the word "comprising" or "comprises" is not limited to products having only the elements or steps that are recited in the claim, but also covers products that add additional elements.

Let's take as an example a hypothetical claim covering a table. If the claim recites a table "comprising" a tabletop, legs and glue, the claim will cover any table that contains these structures, even if the table also contains other structures, such as a leaf to expand the size of the table or wheels on the legs.

You are instructed that if you find that the accused Intex air mattresses employ each and every element of one of the asserted '726 patent claims or a substantial equivalent thereof, then you must find infringement even though the Accused Product may include additional elements or perform additional functions.

Court's Combined Jury Instruction # 19

Given ✓

Refused _____

Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. 7.5 (modified);

*Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc.*, 212 F.3d 1377, 1382-83 (Fed. Cir. 2000);

*Vivid Techs, Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 811-12 (Fed. Cir. 1999);

*Georgia-Pacific Corp. v. United States Gypsum Co.*, 195 F.3d 1322, 1327-29 (Fed. Cir. 1999);

*Elkay Mfg. Co. v. Ebco Mfg. Co.*, 192 F.3d 973, 977 (Fed. Cir. 1999);

*Spectrum Int'l, Inc. v. Sterilite Corp.*, 164 F.3d 1372, 1379-80 (Fed. Cir. 1998);

*Phillips Petroleum Co. v. Huntsman Polymers Corp.*, 157 F.3d 866, 874 (Fed. Cir. 1998);

*Stiftung v. Renishaw PLC*, 945 F.2d 1173, 1177-79 (Fed. Cir. 1991);

*Northern Telecommunications v. Datapoint Corp.*, 908 F.2d 931, 945 (Fed. Cir. 1990)

## COURT'S CLAIM CONSTRUCTION INTRODUCTION

I have now instructed you as to the types of claims at issue in this case. I will next define the meaning of the words used in the patent claims at issue. You must use the definitions I provide to you in your consideration of infringement and invalidity issues.

Court's Combined Jury Instruction # 20

Given: ✔

Refused: _____

Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. 7.8 (modified)

## CLAIM INTERPRETATIONS OF DISPUTED TERMS

(1)     "the open end" is the end where air used to inflate the air mattress enters the passageway;

(2)     "the inflation input" is where air enters the passageway;

(3)     "the generally circular coupling" is a coupling that is generally circular and is formed by an open end that is contiguous with the flared end;

(4)     "the passageway" is a way that allows passage of air to and from the interior of the bed;

(5)     "axial movement in the passageway" means that some axial movement of the diaphragm must be possible in the passageway; and that the axial movement need not be contained entirely within the passageway;

(6)     "reaching into the open end of the coupling" means that the diaphragm is able to be pushed axially by reaching one's finger, or another element, into the open end of the coupling;

(7)     the "circular lip" is a lip that is circular that juts from the surrounding surface towards the interior of the passageway;

(8)     "protruding radially inward" means that the lip is positioned towards the center of the device in question and remains placed along the whole radius throughout the whole piece.

(9)     a "substantially hermetic seal" is a seal that is nearly or largely impervious to air;

(10)    "complete hermetic seal" means a seal that does not require any additional parts to retain nearly or largely all of the air in the bed.

Court's Combined Jury Instruction # 21

Given: ✓ _____

Refused: _____

Court's Memorandum Opinion and Order dated January 26, 2004

## INFRINGEMENT - BURDEN OF PROOF

I will now instruct you on the rules you must follow in deciding whether the Plaintiffs have proven that the Defendants have infringed one or more of the asserted claims of the patents-in-suit. To prove infringement of any claim, the Plaintiffs must persuade you by a preponderance of the evidence that the Defendants have infringed that claim.

Taking each claim of the '726 patent separately, if you find that the Plaintiffs have shown that it is more probable than not that each and every element of the claim is present, either literally or under the doctrine of equivalents, in the Intex air mattresses, then you must find that the Defendants infringe that claim.

Court's Combined Jury Instruction # 22

Given ✓

Refused _____

Model Patent Jury Instructions For the Northern District of California, Instruction No. B.3.1;

*Seal-Flex, Inc. v. Athletic Track and Court Constr.*, 172 F.3d 836, 842 (Fed. Cir. 1999);

*Morton Int'l, Inc. v. Cardinal Chem. Co.*, 5 F.3d 1464, 1468-69 (Fed. Cir. 1993);

Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. 8.7

## INFRINGEMENT

A patent owner has the right to stop others from using the invention covered by its patent claims during the life of the patent. If any person makes, uses, sells or offers to sell or imports what is covered by the patent claims without the patent owner's permission, that person is said to infringe the patent.

In reaching your decision on infringement, keep in mind that only the claims of a patent can be infringed. You must compare patent claims 9, 12, 13, 14 and 15 of the '726 patent, as I have defined them, to the accused products, and determine whether or not there is infringement. You should not compare Intex's products with any specific example set out in the '726 patent, or with any of Aero's products. The only correct comparison is with the language of the claim itself, as I have explained its meaning to you.

You must consider each claim individually and must reach your decision to each assertion of infringement based on my instructions about the meaning and scope of the claims, the legal requirements for infringement, and the evidence presented to you by the parties.

Whether or not any of the Defendants knew that what it was doing was an infringement does not matter. A person may be found to be an infringer of a patent even if he or she believes in good faith that what he or she is doing is not an infringement of any patent, and even if he or she does not even know of the patent.

In this case, Aero asserts that the Intex products infringe claims 9, 12, 13, 14 and 15 of the '726 patent. It is your job to determine whether or not Aero has proved by a preponderance of the evidence that Defendants have infringed any of claims 9, 12, 13, 14 or 15 of the '726 patent.

Court's Combined Jury Instruction # 23

Given ✓ _____

Refused _____

Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. 8.1 (modified);

35 U.S.C. §§ 271-281 (1984 & Supp. 2001);

*Warner-Jenkinson co. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 36 (1997);

*Fla. Prepaid Postsecondary Educ. Expense Bd. V. College Sav. Bank*, 527 U.S. 627, 644 (1999);

*DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1330 (Fed. Cir. 2001);

*Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985, 990 (Fed. Cir. 1993);

*Atl. Thermoplastics Co. v. Faytex Corp.*, 974 F.2d 1299, 1300 (Fed. Cir. 1992);

*Intel Corp. v. United States Int'l Trade Comm'n*, 946 F.2d 821, 832 (Fed. Cir. 1991);

*Loctite Corp. v. Ultraseal Ltd.*, 781 F.2d 861, 867 (Fed. Cir. 1985)

## LITERAL INFRINGEMENT

To decide whether any of Defendants' products literally infringes claim 9, 12, 13, 14 or 15 of the '726 patent, you must compare that accused product with the patent claim and determine whether every requirement of the claim is included in that product. If so, Defendants' product literally infringes that claim. If, however, Defendants' product does not have every requirement in the patent claim, Defendants' product does not literally infringe that claim. You must decide literal infringement for each asserted claim separately.

Court's Combined Jury Instruction #24

Given ✔

Refused _____

Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. 8.2 (modified);

*Network, LLC v. Central Corp.*, 242 F.3d 1347, 1353 (Fed. Cir. 2001);

*Wenger Mfg., Inc. v. Coating Mach. Sys., Inc.*, 239 F.3d 1225, 1238 (Fed. Cir. 2001);

*Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 532 (Fed. Cir. 1996)

## INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

If you decide the Defendants' product does not literally infringe an asserted patent claim, you must then decide whether that product infringes the asserted claim under what is called the "doctrine of equivalents."

Under the doctrine of equivalents, the product can infringe an asserted patent claim if it includes parts that are identical or equivalent to the requirements of the claim. If the product is missing an identical or equivalent part to even one requirement of the asserted patent claim, the product cannot infringe the claim under the doctrine of equivalents. Thus, in making your decision under the doctrine of equivalents, you must look at each individual requirement of the asserted patent claim and decide whether the product has an identical or equivalent part to that individual claim requirement.

A part of a product is equivalent to a requirement of an asserted claim if the differences between the part and the requirement would be considered not substantial by a person of ordinary skill in the field at the time of the alleged infringement.

One way to decide whether any difference between a requirement of an asserted claim and a part of the product is not substantial is to consider whether, as of the time of the alleged infringement, the part of the product performed substantially the same function, in substantially the same way, to achieve substantially the same result as the requirement in the patent claim.

In deciding whether any difference between a claim requirement and the part of the product is not substantial, you may considered whether, at the time of the alleged infringement, persons of ordinary skill in the field would have known of the interchangeability between the part and the claimed requirement. The known interchangeability between the claim requirement and the part of

the product is not necessary to find infringement under the doctrine of equivalents. However, known interchangeability may support a conclusion that the difference between the part in the product and the claim requirement is not substantial. The fact that a part of the product performs the same function as the claim requirement is not, by itself, sufficient to show known interchangeability.

You may not use the doctrine of equivalents to find infringement if you find that Defendants' product is the same as what was in the prior art before the application for the '726 patent or what would have been obvious to persons of ordinary skill in the field in light of what was in the prior art. A patent holder may not obtain, under the doctrine of equivalents, protection that it could not have lawfully obtained from the Patent and Trademark Office.[1]

Court's Combined Jury Instruction #25

Given: ✔_____

Refused:_____

Model Patent Jury Instructions for the Northern District of California (2002 ed.) Instruction 3.4 (modified); *Warner-Jenkinson Co., Inc. v. Hilton Davies Chemical Co.*, 520 U.S. 17 (1997); *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 609 (1950); *Multiform Desiccants, Inc. v.*

---

[1]    If this instruction is applicable in a given case, then the court should instruct the jury that if Defendants have made a "prima facie" case that the accused product is in the prior art, the burden shifts to the Plaintiffs to prove that what it attempts to cover under the doctrine of equivalents is not in the prior art or would not have been obvious from the prior art. *See Fiskares, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318 (Fed. Cir. 2000); *Ultra-Tex Surfaces, Inc. v. Hill Brothers Chemical Co.*, 204 F.3d 1360 (Fed. Cir. 2000); *Streamfeeder, LLC v. Sure-Feed Systems, Inc.*, 175 F.3d 974 (Fed. Cir. 1999).

*Medzam, Ltd.*, 133 F.3d 1473, 1480 (Fed. Cir. 1998); *Dolly, Inc. v. Spalding & Evenflo Cos.*, 16 F.3d 394, 397 (Fed. Cir. 1994).

## INFRINGEMENT OF DEPENDENT CLAIMS

My instructions on infringement so far have related to independent claims. As I told you, the '726 patent also contains dependent claims. A dependent claim includes each of the limitations of the independent claim to which it refers, plus additional elements.

If you find that independent claim 12 of the '726 patent has been infringed, you must separately determine whether dependent claims 13, 14 and 15 have also been infringed. If you find that the independent claims of the '726 patent are not infringed, then you must also find that the dependent claims are not infringed.

Court's Combined Jury Instruction # 26

Given: ✔

Refused: _____

Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. 8.10

# DAMAGES

I have now instructed you as to the law governing Plaintiffs' claims of patent infringement and Intex's claims of invalidity. If you find that Defendants have infringed either claims 9, 12, 13, 14 or 15 and that the infringed claim is valid, then you must determine what damages Defendants must pay to Plaintiffs for that infringement. If, on the other hand, you find that Defendants have not infringed a valid claim of the patent, then Plaintiffs are not entitled to any damages, and you should not make any findings about damages.

The fact that I am instructing you about damages does not mean that Plaintiffs are or are not entitled to recover damages. I am expressing no opinion one way or the other. These instructions are only to guide you in case you find that Defendants infringed a valid claim of the '726 patent.

If you find that any claim of the '726 patent is both valid and infringed, then Aero and Mr. Chaffee are entitled to damages adequate to compensate for the infringement. These damages may be no less than what a reasonable royalty would be for the use made of the invention by the infringer. Such an award of damages should put Aero and Mr. Chaffee in the financial position they would have been in if the Defendants had not infringed.

Plaintiffs' Propsd   #1

~~Court's Combined Jury~~ Instruction ~~#27~~

Given ✓

Refused_____

**AUTHORITIES:**

*The Federal Circuit Bar Association Model Patent Jury Instructions,* Instruction 12 (modified); 35 U.S.C. § 284; *Rite-Hite Corp. v. Kelley Co.,* 56 F.3d 1538, 1545 (Fed. Cir. 1995) (en banc); Federal Circuit Bar Association Model Patent Jury Instructions, Instruction 12.1 (modified).

## DAMAGES

I have now instructed you as to the law governing Plaintiffs' claims of patent infringement and Intex's claims of invalidity. If you find that Defendants have infringed either claims 9, 12, 13, 14 or 15 of the '726 patent and that the infringed claim is valid, then you must determine what damages Defendants must pay to Plaintiffs for that infringement. If, on the other hand, you find that Defendants have not infringed a valid claim of the patent, then Plaintiffs are not entitled to any damages, and you should not make any findings about damages.

The fact that I am instructing you about damages does not mean that Plaintiffs are or are not entitled to recover damages. I am expressing no opinion one way or the other. These instructions are only to guide you in case you find that Defendants infringed a valid claim of the '726 patent.

Court's Combined Jury Instruction # 27

Given _____

Refused _____

Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. 12 (modified)



## REASONABLE ROYALTY DAMAGES

A royalty is an amount of money that someone pays a patent owner to be able to use the patented invention.

A reasonable royalty is the royalty that would be reasonable for the infringer to pay and for the patent owner to accept for use of a patent that they both know is valid and that the infringer wants to use.

You are to decide what a reasonable royalty would be, based on circumstances as of the time just before Intex began selling the patented invention. You should assume that Intex and Aero knew at that time such things as the level of sales and profits that Intex would make using the invention. You should also assume that Aero was willing to grant Intex a license to sell the patented invention and that Intex was willing to pay for that license.

In deciding what is a reasonable royalty, you may consider the factors that Aero and Intex would consider in setting the amount Intex should pay.

I will list for you a number of factors you may consider. This is not every possible factor, but it will give you an idea of the kinds of things to consider in setting a reasonable royalty.

1. Whether the patent owner had established a royalty for the patented invention, for example, by granting other licenses at that royalty. You should remember, however, that an established royalty may have been set before the patent was determined to be valid and infringed in court and, therefore, may not be as much as it would be if both the patent owner and the party wanting to use the patent know it is valid.

2. Royalties paid by Intex or by others for patents comparable to the '726 patent.

3. Whether or not Aero had a policy of licensing or not licensing the patent.

4.  Whether or not Aero and Intex are competitors.

5.  Whether being able to use the patented invention helps in making sales of other products or services.

6.  The profitability of the product made using the patent, and whether or not it is commercially successful or popular.

7.  The advantages and benefits of using the patented invention over products not claimed in the '726 patent.

8.  The extent of Intex's use of the patented invention and the value of that use to Intex.

9.  Whether or not there is a portion or percentage of the profit or selling price that is customarily paid for use of patented inventions comparable to the inventions claimed in the '726 patent.

10.  The portion of the profit that is due to the patented invention, as compared to the portion of the profit due to other factors, such as unpatented elements or unpatented manufacturing processes, or features or improvements developed by Intex.

11.  Expert opinions as to what would be a reasonable royalty.


Court's Combined Jury Instruction # 28

Given ✔ _____

Refused _____

Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. 12.3.7

## NOTICE REQUIREMENT FOR PATENTS WITH PRODUCT CLAIMS

Plaintiffs can recover damages for infringement that occurred only after Plaintiffs gave notice of their patent rights. It is Plaintiffs' burden to prove by a preponderance of the evidence that they gave notice.

Plaintiffs can give notice in two ways. The first way is to give notice to the public in general. Plaintiffs can do this by placing the word "patent" or the abbreviation "Pat." with the number of the '726 patent on substantially all the products they sold that included the patented invention. The Plaintiffs' licensees who use the patented invention must also mark substantially all of their products that include the patented invention with the patent number. This type of notice is effective from the date Plaintiffs and their licensees began to mark substantially all of their products that use the patented invention with the patent number. If Plaintiffs and their licensees did not mark substantially all of their products that use the patented invention with the patent number, then Plaintiffs did not provide notice in this way.

A second way Plaintiffs can provide notice of its patent is to tell Defendants that Defendants are infringing the '726 patent and to identify Defendants' product that was infringing. This type of notice is effective from the time it is given.

As I said, Plaintiffs may recover damages only from the time they gave notice of their patent, either by the marking of products or by telling Defendants of their infringement. If you find that Plaintiffs did not do either of these before beginning this lawsuit, then Plaintiffs can only recover damages for infringement that occurred after they sued Defendants on April 12, 2002.

Court's Combined Jury Instruction # 29

Given ✓

Refused _____

Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. 12.1.1 (modified);

35 U.S.C. § 287 (2001);

*Gart v. Logitech, Inc.*, 254 F.3d 1334, 1346 (Fed. Cir. 2001);

*Lans v. Digital Equipment Corp.*, 252 F.3d 1320, 1327-28 (Fed. Cir. 2001);

*Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1353 (Fed. Cir. 2001);

*Nike Inc. v. Wal-Mart Stores*, 138 F.3d 1437, 1443-44 (Fed. Cir. 1998);

*Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1108-09 (Fed. Cir. 1996);

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 2001);

*American Med. Sys. v. Medical Eng'g Corp.*, 6 F.3d 1523, 1534 (Fed. Cir. 1993);

*Devices for Med., Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987);

*Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1083 (Fed. Cir. 1983);

*Loral Fairchild, Corp. v. Victor Co. of Japan, Ltd.*, F. Supp. 817, 818 (E.D.N.Y. 1995)

# WILLFUL INFRINGEMENT

You are instructed that where a potential infringer has actual notice of another's patent rights, he has an affirmative duty of due care not to infringe.  Thus if you find by a preponderance of the evidence that Intex infringed the Chaffee patent, either literally or under the doctrine of equivalents, then you must further determine if this infringement was willful.  Willfulness must be proven by clear and convincing evidence showing that:

A.  Intex had actual knowledge of the Chaffee patent, and

B.  Intex had no reasonable basis for believing (a) that the accused Intex air mattresses did not infringe the Chaffee patent or (b) that the Chaffee patent was invalid.

In making the determination as to willfulness, you must consider the totality of the circumstances.  The totality of the circumstances comprises a number of factors, which include, but are not limited to whether Intex intentionally copied Aero's products, whether Intex exercised due care to avoid infringing the patent, whether Intex relied on competent legal advice, and Intex's behavior as a party to the litigation.  The timing of any legal opinion, including whether it was obtained after the alleged infringing activity began, may also be considered in determining the credibility and weight you afford any asserted reliance on legal advice.

Court's Combined Jury Instruction # 30

Given ✓

Refused _____

American Intellectual Property Law Association, Federal Litigation Committee, Guide to Jury Instructions in Patent Cases (1998) (modified);

*Hoechst Celanese Corp. v. BP Chemicals Ltd.*, 78 F.3d 1575, 1583 (Fed. Cir. 1996);

*Gustafson, Inc. v. Intersystems Industrial Products, Inc.*, 897 F.2d 508, 510-11 (Fed. Cir. 1990);

*Ortho Pharmaceutical Corporation v. Smith*, 959 F.2d 936, 944 (Fed. Cir. 1992);

*In re Hayes Microcomputer Products, Inc.*, 982 F.2d 1527, 1543 (Fed. Cir. 1992);

*Jurgens v. CBK, Ltd.*, 80 F.3d 1566, 1571 (Fed. Cir. 1996);

*American Medical Systems Inc. v. Medical Engineering Corp.*, 6 F.3d 1523, 1531 (Fed. Cir. 1993);

*Spindelfabrik Suessen-Schurr Stahlecker & Grill GmbH v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft*, 829 F.2d 1075, 1084 (Fed. Cir. 1987);

*Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1390 (Fed. Cir. 1983);

*Viskaske Corp. v. American National Can Co.*, 979 F. Supp. 697, 706 (N.D. Ill. 1997)

## TRADEMARK CLAIMS IN GENERAL

Aero has also brought claims of trademark infringement under federal law, unfair competition under federal law, violation of the Illinois Uniform Deceptive Trade Practices Act, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, and unfair competition under Illinois common law.  Aero owns an incontestable federally registered trademark for the phrase "ONE TOUCH" in conjunction with the sales of air mattresses.  Aero contends that Intex and Quality Trading infringed its "ONE TOUCH" trademark through their use of "ONE TOUCH" in promoting sales of the accused air mattresses.


Court's Combined Jury Instruction # 31

Given _____

Refused _____


Complaint

## FEDERAL TRADEMARK CLAIMS

Plaintiff Aero Products International brings two claims for recovery for trademark infringement and unfair competition under a federal statue that deals with trademark law.  In order to establish its claims for federal trademark infringement and unfair competition, Aero must prove by a preponderance of the evidence the following:

1.    That Defendants used in commerce the term "ONE TOUCH" in connection with the sale, offering for sale, distribution, or advertising of any goods or services; and

2.    That such use was likely to cause confusion among the consuming public.

Court's Combined Jury Instruction # 32

Given  ✓

Refused  _____

15 U.S.C. § 1114(1);

Manual of Model Jury Instructions For the District Courts of the Ninth Circuit (2003 Ed.), Instruction No. 18.0 (modified)

**TRADEMARK INFRINGEMENT - LIKELIHOOD OF CONFUSION FACTORS**

You must consider whether the use by Intex and Quality Trading of the trademark ONE

TOUCH is likely to cause confusion about the source of the Plaintiff's or the Defendant's goods.

I will suggest some factors you should consider in deciding this. The presence or absence of

any particular factor that I suggest should not necessarily resolve whether there was a likelihood of

confusion, because you must consider all relevant evidence in determining this. In other words none

of the following factors by itself is dispositive of the likelihood of confusion questions, and different

factors will weigh more heavily from case to case depending on the particular facts and circumstances

involved.

As you consider the likelihood of confusion you should examine the following:

(1)     The degree of similarity between the marks in appearance and suggestion.  If the

        overall impression created by Aero's trademark in the marketplace is similar to that

        created by the Intex and Quality Trading's use of "ONE TOUCH", there is a greater

        chance of likelihood of confusion.

(2)     Similarity of the products for which the name is used.  If the Intex, Quality Trading,

        and Aero use the marks on the same or related goods, there may be a greater

        likelihood of confusion.

(3)     Area and manner of concurrent use.  If the Aero's and Intex's products are likely to

        be sold in the same or similar stores or outlets, or advertised in similar media, this may

        increase the likelihood of confusion.

(4)     Degree of care likely to be exercised by consumers.  The more sophisticated the

        potential buyers of the goods or the more costly the goods, the more careful and

discriminating the reasonably prudent purchaser exercising ordinary caution may be. They may be less likely to be confused.

(5)     Strength of plaintiff's trademark.  The more the consuming public recognizes the Aero's trademark as an indication of origin of Aero's goods, the more likely it is that consumers would be confused about the source of the defendant's goods.

(6)     Actual confusion.  If use by the defendant of the plaintiff's trademark has led to instances of actual confusion, this strongly suggests a likelihood of confusion. Howevever, actual confusion is not required for a finding of likelihood of confusion.

(7)     Intent of defendant to "palm off" his product as those of another.  Knowing use by Intex or Quality Trading of Aero's trademark to identify similar goods may strongly show an intent to derive benefit from the reputation of the Aero's mark, suggesting an intent to cause a likelihood of confusion.  On the other hand, even in the absence of proof that Intex or Quality Trading acted knowingly, the use of Aero's trademark to identify similar goods may indicate a likelihood of confusion.

Court's Combined Jury Instruction # 33

Given ✔

Refused _____

Manual of Model Jury Instructions For the District Courts of the Ninth Circuit (2003 Ed.), Instruction No. 18.15 (modified);

*Meridian Mutual Insurance Co. v. Meridian Insurance Group Inc.*, 128 F.3d 1111 (7th Cir. 1997)

## TRADEMARK DEFENSES - FAIR USE

Intex and Quality Trading contend that they did not infringe Aero's trademark ONE TOUCH because the alleged infringement constituted a fair use of the trademark to describe the Intex's products.  Intex and Quality Trading have the burden of proving their fair use of the mark by clear and convincing evidence.

To prevail on the fair use defense, Intex and Quality Trading must establish that:

(1)     Their use of the registered ONE TOUCH mark is otherwise than as a trade or service mark;

(2)     Their use of ONE TOUCH is descriptive of the Defendant's goods or services; and

(3)     They are using the term or device fairly and in good faith only to describe to users those goods and services.

Court's Combined Jury Instruction # 34

Given ✓

Refused _____

15 U.S.C. § 1115(b)(4);

Manual of Model Jury Instructions For the District Courts of the Ninth Circuit (2003 Ed.), Instruction No. 18.21 (modified);

*Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 954 (7th Cir. 1994);

*Trans Union LLC v. Credit Research, Inc.*, 142 F. Supp. 2d 1029, 1039 (N.D. Ill. 2001)

## STATE LAW CLAIMS

Aero also has asserted claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, the Illinois Uniform Deceptive Trade Practices Act and the common law of unfair competition.

Claims for unfair competition and deceptive business practices brought under Illinois statutes and the common law are resolved according to the same principles that govern Aero's federal trademark infringement and unfair competition claims.  As a result, if you find for Aero on its federal trademark infringement and unfair competition claims, then you also should find for Aero on its three state law claims.  If you find for the Defendants on Aero's federal trademark infringement and unfair competition claims, then you should find for the Defendants on Aero's three state law claims as well.

Court's Combined Jury Instruction # 35

Given   ✓

Refused _____

815 ILCS 505/2;

815 ILCS 510/2;

*World Impressions, Inc. v. McDonald's Corp.*, 235 F. Supp. 2d 831, 841 (N.D. Ill. 2002);

*Trans Union LLC v. Credit Research, Inc.*, 142 F. Supp. 2d 1029, 1038 (N.D. Ill. 2001);

*Nelson/Weather-Rite Inc. v. Leatherman Tool Group Inc.*, 40 U.S.P.Q.2d 1239, 1243 (N.D. Ill. 1995);

*Spex Inc. v. The Joy of Spex Inc.*, 847 F. Supp. 567, 579 (N.D. Ill. 1994);

Chief Judge Kocoras's Jury Instructions in Civil Cases, Instruction No. 14 (Rev. 09/2002) (modified)

## ACCOUNTING OF PROFITS

If you find that Aero has proven federal trademark infringement, federal unfair competition, or one of Aero's three state law claims, then you may award the profits earned by Defendants on their sales of the product bearing the infringing trademark.

Aero must prove the amount of Defendants' sales of the accused products. Defendants then must prove proper costs and deductions from these sales. If you decide to award Aero an amount for Defendants' profits, you are to compute the amount by taking Defendants' gross sales of the infringing product, as proved by Aero, and deducting those expenses that Defendants have proved are fairly attributable to their sales of those products.

There is no requirement for Aero to prove that Defendants willfully infringed Aero's trademarks to justify an award of profits.

Court's Combined Jury Instruction # 36

Given ✓_____

Refused _____

Chief Judge Kocoras's Jury Instructions in Civil Cases, Instruction No. 15 (Rev. 09/2002) (modified);

15 U.S.C. § 1117;

*Roulo v. Russ Berrie & Co., Inc.*, 886 F.2d 931, 941 (7th Cir. 1989);

*Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 961 (7th Cir. 1992);

*Dunkin' Donuts, Inc. v. Towns Family, Inc.*, No. 95 C 3666, 1996 WL 328018 (N.D. Ill. June 11, 1996)

## SELECTION OF FOREPERSON AND FORM OF VERDICT

Upon retiring to the jury room, select one of your number as your foreperson.  The foreperson will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

(Form[s] of verdict read).

Take these forms to the jury room and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the appropriate forms, and each of you will sign the forms.

Court's Combined Jury Instruction # 37

Given ✔_____

Refused _____

Chief Judge Kocoras's Jury Instructions in Civil Cases, Instruction No. 18 (Rev. 09/2002)

## UNANIMOUS VERDICT

*Each*

~~The~~ verdict must represent the considered judgment of each juror.  Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

The eight of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.  You are impartial judges of the facts.

Court's Combined Jury Instruction # 38

Given  ✓

Refused _____

Chief Judge Kocoras's Jury Instructions in Civil Cases, Instruction No. 19 (Rev. 09/2002)

## JURY COMMUNICATIONS

I do not anticipate that you will need to communicate with me.  If you do, however, the only proper way is to give the Court Security Officer a written request, signed by the foreperson, or by some other juror if the foreperson is unwilling to do so.

I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can respond orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.


Court's Combined Jury Instruction # 39

Given  ✓

Refused _____

Chief Judge Kocoras's Jury Instructions in Civil Cases, Instruction No. 20 (Rev. 09/2002)

## PATENT INFRINGEMENT

## VERDICT

You must decide whether the accused Intex air mattresses with built-in electric pumps infringe the '726 patent.  A determination of infringement must be addressed on a claim-by-claim basis.

1.  Has Aero proven by a preponderance of the evidence that the Intex air mattresses literally infringe any of the following claims:

Claim 9      Yes_____            No_____
             (for Aero)               (for Intex)

Claim 12     Yes_____            No_____
             (for Aero)               (for Intex)

Claim 13     Yes_____            No_____
             (for Aero)               (for Intex)

Claim 14     Yes_____            No_____
             (for Aero)               (for Intex)

Claim 15     Yes_____            No_____
             (for Aero)               (for Intex)

2.  Has Aero proven by a preponderance of the evidence that the Intex air mattresses infringe any of the following claims under the doctrine of equivalents:

Claim 9      Yes_____            No_____
             (for Aero)               (for Intex)

Claim 12     Yes_____            No_____
             (for Aero)               (for Intex)

Claim 13     Yes_____            No_____
             (for Aero)               (for Intex)

Claim 14     Yes_____            No_____
             (for Aero)               (for Intex)

## PATENT DAMAGES AND WILLFULNESS

### VERDICT

I.   DAMAGES

1.   Have the Plaintiffs proven by a preponderance of the evidence that they affixed the patent number on a substantial portion of their products which incorporated the invention described in the '726 patent prior to April 12, 2002?

2.   If you have found that Plaintiffs proved infringement of any of claims 9, 12, 13, 14 and 15 of the '726 patent, what is the total amount of damages Plaintiffs are entitled to based on that infringement?

———————————————

II.   WILLFULNESS

3.   If you have found that Plaintiffs proved infringement of either claims 9, 12, 13, 14 or 15, you must also decide whether infringement was willful.  Have Plaintiffs proven by clear and convincing evidence that Intex's infringement of the '726 patent was willful?

Yes_____ (for Aero)

No_____ (for Intex)

## TRADEMARK CLAIMS

### VERDICT

1.    Has Aero proven by a preponderance of the evidence that the Defendants Intex and Quality Trading used "ONE TOUCH" in a manner likely to cause confusion among consumers?

        Yes_____(for Aero)

        No_____(for Intex and Quality Trading)

2.    Has Aero proven by a preponderance of the evidence that the Defendants Intex and Quality Trading used "ONE TOUCH" in a manner in violation of Illinois State Law?

        Yes_____(for Aero)

        No_____(for Intex and Quality Trading)

3.    Have Intex and Quality Trading proved by clear and convincing evidence that their use "ONE TOUCH" constituted a fair use?

        Yes_____(for Intex and Quality Trading)

        No_____(for Aero)

4.    Has Aero proven by clear and convincing evidence that Intex and Quality Trading's infringement of the "ONE TOUCH" trademark was willful?

        Yes_____(for Aero)

        No_____(for Intex and Quality Trading)

5.    If you found for Aero in question 1, 2, and 3, then do you award Intex and Quality Trading's profits to Aero?

        Yes_____(for Aero)

        No_____(for Intex and Quality Trading)

6.   If you found for Aero in question 3, what is the amount of profits that you award to Aero?

_____

Date: _____

_____           _____

Foreperson

_____           _____

_____           _____

_____           _____

Claim 15        Yes_____          No_____
                (for Aero)             (for Intex)

## DAMAGES

I have now instructed you as to the law governing Plaintiffs' claims of patent infringement and Intex's claims of invalidity. If you find that Defendants have infringed either claims 9, 12, 13, 14 or 15 and that the infringed claim is valid, then you must determine what damages Defendants must pay to Plaintiffs for that infringement. If, on the other hand, you find that Defendants have not infringed a valid claim of the patent, then Plaintiffs are not entitled to any damages, and you should not make any findings about damages.

The fact that I am instructing you about damages does not mean that Plaintiffs are or are not entitled to recover damages. I am expressing no opinion one way or the other. These instructions are only to guide you in case you find that Defendants infringed a valid claim of the '726 patent.

If you find that any claim of the '726 patent is both valid and infringed, then Aero and Mr. Chaffee are entitled to damages adequate to compensate for the infringement. These damages may be no less than what a reasonable royalty would be for the use made of the invention by the infringer. Such an award of damages should put Aero and Mr. Chaffee in the financial position they would have been in if the Defendants had not infringed.

Plaintiffs' Proposed Instruction #1

Given ✓

Refused _____

**AUTHORITIES:**
*The Federal Circuit Bar Association Model Patent Jury Instructions*, Instruction 12 (modified); 35 U.S.C. § 284; *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995) (en banc); Federal Circuit Bar Association Model Patent Jury Instructions, Instruction 12.1 (modified).

## WRITTEN DESCRIPTION

A patent must contain a written description of the product claimed in the patent.  In order to satisfy the written description requirement, the patent must describe each and every limitation of a patent claim, although the exact words found in the claim need not be used.

Intex contends that claims 9, 12, 13, 14 and 15 of the '726 patent are invalid for lack of an adequate written description of the claimed invention. If you find that Intex has proven by clear and convincing evidence that the '726 patent does not contain a written description of the invention covered by any of these claims, then you must find that claim invalid.


## AUTHORITY

Federal Circuit Bar Association Model Patent Jury Instructions, Instruction 10.2 (modified); *Enzo Biochem, Inc. v. Gen-Prove Inc.*, 285 F.3d 1013, 1018 (Fed. Cir. 2002); *Turbocare Div. of Demag Delaval Turbomachinery Corp. v. General Elect. Co.*, 264 F.3d 1111, 1118 (Fed. Cir. 2001); *Purdue Pharma L.P. v. Faulding, Inc.*, 230 F.3d 1320, 1323 (Fed. Cir. 2000); *Lampi Corp. v. Am. Power Prods., Inc.*, 228 F.3d 1365, 1377-78 (Fed. Cir. 2000); *Reiffin v. Microsoft Corp.*, 214 F.3d 1342, 1345-46 (Fed. Cir. 2000); *Union Oil Co. of Cal. v. Atl. Richfield Co.*, 208 F.3d 1327,1334 (Fed. Cir. 1999); *Tronzo v. Biomet Inc.*, 156 F.3d 1154, 1158-60 (Fed. Cir. 1998); *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1478-80 (Fed. Cir. 1998); *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed. Cir. 1997).

Defendants' Proposed Instruction #1

Given_____

Refused_____

## ENABLEMENT

The written description of the invention claimed in a patent must contain enough detail to teach, or enable, persons skilled in the field of the invention to make and use the invention. This is referred to as the enablement requirement. If the patent does not enable a skilled person to practice the product of a patent claim, then the claim is invalid.

In considering whether or not the written description of a patent meets the enablement requirement, you must keep in mind that patents are written for persons of skill in the field of the invention. Thus, a patent need not expressly state information that skilled persons would be likely to know or could obtain.

The fact that some experimentation may be required for a skilled person to practice the claimed invention does not mean that a patent's written description does not meet the enablement requirement. A written description is enabling so long as undue experimentation is not needed to make or use the invention. A permissible amount of experimentation is that amount that is appropriate for the complexity of the field of the invention and for the level of expertise and knowledge of persons skilled in that field.

Intex contends that claims 9, 12, 13, 14 and 15 of the '726 patent are invalid for lack of enablement. If you find that Defendants have proven by clear and convincing evidence that the written description in the '726 patent does not enable a skilled person to make and use a product covered by any of these claims without undue experimentation, then you must find that the claim is invalid.

## AUTHORITY

Federal Circuit Bar Association Model Patent Jury Instructions, Instruction 10.3 (modified); *Durel*

*Corp. v. Osram Sylvania Inc.*, 256 F.3d 1298, 1306 (2001); *Union Pac. Resources Co. v. Chesapeake Energy Corp.*, 236 F.3d 684, 690-92 (Fed. Cir. 2001); *Ajinomoto Co. v. Archer-Daniels-Midland Co.*, 228 F.3d 1338, 1345-46 (Fed. Cir. 2000); *Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1369-78 (Fed. Cir. 1999); *Nat'l recovery Techs., Inc. v. Magnetic Separation Sys., Inc.*, 166 F.3d 1190, 1195-98 (Fed. Cir. 1999).

Defendants' Proposed Instruction  #2

Given_____✓_____

Refused_____

## PATENT DAMAGES AND WILLFULNESS

### VERDICT

I.     **DAMAGES**

1.     Has Aero proven by a preponderance of the evidence that they affixed the patent number on a substantial portion of their products which incorporated the invention described in the '726 patent prior to the commencement of Intex's first sale of the accused products?

Yes _____  (For Aero)

No    _____  (For Intex)

2.     If you find for Intex on the above, what date, if any, prior to April 12, 2002, did Aero affix the patent number on a substantial portion of their products which incorporated the invention described in the '726 patent?  .

_____

3.     If you have found that Plaintiffs proved infringement of any of claims 9, 12, 13, 14 and 15 of the '726 patent, what is the total amount of damages Plaintiffs are entitled to based on that infringement?

_____

II.    **WILLFULNESS**

3.     If you have found that Plaintiffs proved infringement of either claims 9, 12, 13, 14 or 15, you must also decide whether infringement was willful.   Have Plaintiffs proven by clear and convincing evidence that Intex's infringement of the '726 patent was willful?

Yes _____  (For Aero)

No    _____  (For Intex)

(Revised)

## PATENT INVALIDITY

You must decide whether or not any of the asserted claims is invalid based on any of the grounds set for by Defendants. You must decide invalidity on a claim-by-claim basis.

1.  Has Intex proven by clear and convincing evidence that the '726 patent fails to contain a written description which describes each and every limitation of any the following claims:

Claim 9         Yes_____                No_____
                        (for Intex)                   (for Aero)

Claim 12        Yes_____                No_____
                        (for Intex)                   (for Aero)

Claim 13        Yes_____                No_____
                        (for Intex)                   (for Aero)

Claim 14        Yes_____                No_____
                        (for Intex)                   (for Aero)

Claim 15        Yes_____                No_____
                        (for Intex)                   (for Aero)

2.  Has Intex proven by clear and convincing evidence that the '726 patent does not contain a written description of the invention claimed in any of the following claims as to enable a skilled person to practice that invention:

Claim 9         Yes_____                No_____
                        (for Intex)                   (for Aero)

Claim 12        Yes_____                No_____
                        (for Intex)                   (for Aero)

Claim 13        Yes_____                No_____
                        (for Intex)                   (for Aero)

Claim 14        Yes_____                No_____
                        (for Intex)                   (for Aero)

Claim 15        Yes_____                No_____
                        (for Intex)                   (for Aero)

(Revised)