# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2590 | **DATE** | 7/7/2004 |
| **CASE TITLE** | Aero Products Intl. Vs. Intex Recreation Corp. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    For the reasons stated in the attached memorandum opinion and order, judgment is entered for plaintiffs and against defendants on defendants' defenses of estoppel and laches. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| X | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 0 9 2004 | |
| | Docketing to mail notices. | | date docketed | 212 |
| | Mail AO 450 form. | | JKM | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| MF | courtroom deputy's initials | U.S. DISTRICT COURT CLERK | date mailed notice | |
| | | 2004 JUL -9 AM 7:16 | | |
| | | FILED | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOCKETE

JUL 0 9 2004

AERO PRODUCTS INTERNATIONAL, INC., )
a Florida corporation; and )
ROBERT B. CHAFFEE, an individual, )
)
      Plaintiffs, )
)
v. )     No: 02 C 2590
)
INTEX RECREATION CORPORATION, )     Judge John W. Darrah
a California corporation; )
QUALITY TRADING, INC., )
a California corporation; and )
WAL-MART STORES, INC., )
a Delaware corporation, )
)
      Defendants. )

## OPINION AND ORDER

      The Plaintiffs, Aero Products International, Inc. ("Aero") and Robert B. Chaffee, filed

suit against the Defendants, Intex Recreation Corporation ("Intex"); Quality Trading, Inc.; and

Wal-Mart Stores, Inc. Plaintiffs alleged Defendants infringed U.S. Patent Nos. 5,367,726 ("the

'726 patent") and 4,977,633 ("the '633 patent"). A trial with a jury was held, but the issues of

whether Intex's defenses of equitable estoppel or laches apply are equitable matters reserved for

the Court's determination.

      The Court has considered the evidence, including the testimony of witnesses, exhibits,

stipulations, the written arguments of counsel for the parties and the authority cited therein.

      Pursuant to Federal Rule of Civil Procedure 52, the Court hereby enters the following

written Findings of Fact and Conclusions of Law which are based upon consideration of all

admissible evidence as well as the Court's determination of the credibility of the witnesses. To the extent that Findings of Fact, as stated, may be considered Conclusions of Law, they shall be deemed Conclusions of Law. Similarly, to the extent that matters expressed as Conclusions of Law may be considered Findings of Fact, they shall also be deemed Findings of Fact.

## FINDINGS OF FACT

Plaintiffs are holders of the two relevant patents, the '726 patent and the '633 patent. Both patents relate to the same technology of inflatable air mattresses. Intex sells inflatable air products, including inflatable air mattresses.

Intex first displayed allegedly infringing air mattresses ("the accused product") at a sporting goods trade show in January 2000, which was attended by Aero employees. Intex began shipping the accused product in August or September of 2000. Sometime between August 23, 2000 and December 1, 2000, employees at Aero had conversations regarding whether Intex infringed Aero's patents. These employees believed that Intex was infringing the '726 patent, but that belief was not confirmed until after Aero consulted with its patent attorneys.

Subsequently, Aero sent a cease-and-desist letter to Intex, claiming that the accused product was infringing the '633 patent. In response to this letter, Intex filed a declaratory relief action for non-infringement of the '633 patent. The parties then attempted to resolve this dispute through negotiations, which were ultimately successful.

During the settlement negotiations, Aero never indicated that its rights in the '726 patent were infringed. Moreover, the settlement does not mention any patents other than the '633 patent. The settlement letter also states that "[t]he rights of the parties remain otherwise intact and are hereby expressly reserved."

2

While attempting to settle, Aero's counsel was stricken with cancer and passed away; and Aero sought and obtained new counsel. Sometime between December 2000 and April 2002, Aero was also sold to a new owner.

On April 10, 2002, Plaintiffs sued Defendants for infringing the '726 patent. Prior to being sued by Aero, Intex had no knowledge of the '726 patent. Thereafter, Intex then sought the opinion of a patent counsel to determine whether their product was infringing the '726 patent. Based on this opinion, which concluded that the accused product was probably not infringing the '726 patent, Intex decided to continue selling the accused product. However, if the opinion would have concluded the accused product was infringing the '726 patent, Intex would have taken other actions.

## CONCLUSIONS OF LAW

Intex seeks to bar Plaintiffs' patent claims on two counts: (1) equitable estoppel and (2) laches. Under both defenses, Intex has the burden of proof by a preponderance of the evidence. *Gasser Chair Co. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770, 773, 776 (Fed. Cir. 1995) (*Gasser*); *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1032, 1043 (Fed. Cir. 1992) (*A.C. Aukerman*).

To establish equitable estoppel, a defendant must prove that: (1) the plaintiffs communicated "something in a misleading way, either by words, conduct, or silence"; (2) the defendant relied on those communications; and (3) the defendant was materially prejudiced by relying on those statements. *A.C. Aukerman*, 960 F.2d at 1041. If all three elements are established, other evidence and facts respecting the equities of the parties must be taken into account. *A.C. Aukerman*, 960 F.2d at 1043.

3

While misleading inaction can sometimes be found to be misleading conduct, "plaintiff's inaction must be combined with other facts respecting the relationship or contacts between the parties to give rise to the necessary inference that the claim against the defendant is abandoned." The typical example of misleading silence requires a patentee to specifically object to allegedly infringing activities but then remain silent for a number of years. *A.C. Aukerman*, 960 F.2d at 1042. In addition, "[i]t is clear, thus, that for equitable estoppel the alleged infringer cannot be unaware – as is possible under laches – of the patentee and/or its patent." *A.C. Aukerman*, 960 F.2d at 1042; *see also Winbond Elecs. Corp. v. Int'l Trade Comm'n*, 262 F.3d 1363, 1374 (Fed. Cir. 2001) ("[F]or this form of estoppel, the alleged infringer must have knowledge of the patentee and its patent . . . .").

To establish laches, a defendant must prove that: (1) the plaintiff unreasonably delayed in filing suit from the time they knew or reasonably should have known of its claim against the defendant; and (2) the delay prejudiced the defendant. *A.C. Aukerman*, 960 F.2d at 1032. "A court must also consider and weigh any justification offered by the plaintiff for its delay." *A.C. Aukerman*, 960 F.2d at 1033. The length of delay, the materiality of the prejudice, the plaintiff's justification for the delay, the defendant's conduct, and any other equitable reason must be considered in making a determination on a laches defense. *A.C. Aukerman*, 960 F.2d at 1034.

"The period of delay is measured from the time the plaintiff knew or should have known of the defendant's alleged infringing activities." *A.C. Aukerman*, 960 F.2d 1032. A six-year delay in filing suit is presumptively unreasonable. *A.C. Aukerman*, 960 F.2d 1035-36. However, whether a shorter delay in filing suit is unreasonable "depends on the facts and circumstances of

each case." *Gasser*, 60 F.3d at 773. "A court must also consider and weigh any justification offered by the plaintiff for its delay." *A.C. Aukerman*, 960 F.2d at 1033.

## DECISION

To prove the first factor of their equitable estoppel defense, Intex contends that they were misled by Aero's conduct in asserting the '633 patent. According to Intex, Aero knew, when it asserted Intex was infringing the '633 patent, that Intex was also allegedly infringing the '726 patent. Intex claims Aero remained intentionally silent about the '726 patent, served a cease-and-desist letter on the '633 patent, and settled a declaratory action filed by Intex regarding the '633 patent.

However, Intex had no knowledge of the '726 patent before Aero filed suit. Moreover, there was nothing in Intex and Aero's relationship which would have communicated to Intex that Aero was abandoning its rights under the '726 patent. As set out above, Plaintiffs never objected with regard to the '726 patent; they only objected to the '633 patent. Furthermore, the declaratory action concerning the '633 patent, filed by the Defendants, and the subsequent settlement negotiations did not discuss the '726 patent. Finally, the '633 settlement letter states the "rights of the parties remain otherwise intact and are hereby expressly reserved." Accordingly, Intex has failed to prove, by a preponderance of the evidence, that Aero misleadingly communicated something to Intex in regard to the '726 patent.

Intex also failed to prove, by a preponderance of the evidence, the second element of an equitable estoppel claim – that they relied on Plaintiffs' alleged communications. Intex claims it expanded its business in reliance on Aero's silence regarding the '726 patent. However, Intex

relied upon a written opinion of a patent attorney in determining that it was proper to continue to sell the accused products in the currently pending matter.

Although Intex claims it might have proceeded differently had it known about the '726 patent sooner, Intex has not produced any evidence at trial to this effect. Thus, it would be reasonable to conclude that Intex would have continued to sell the accused product, based on advice of counsel, even if the '726 patent was asserted with the '633 patent. *See Gasser* 60 F.3d at 775 ("[T]he evidence of record showed that Infanti was indifferent to whether Gasser would sue because of his personal belief that the patent was invalid.").

Intex has also failed to prove, by a preponderance of the evidence, that it has established its laches defense. Intex contends that Aero knew of the accused product at least as early as January 2000 but no later than December 1, 2000. Thus, Intex claims that Aero delayed between seventeen and twenty-eight months in asserting its rights under the '726 patent.

However, Aero could not have known that Intex was allegedly infringing the '726 patent until at least August 2000, when Intex began shipping its accused product. Therefore, at most, twenty-one months passed from the time Aero knew or should have known Intex was allegedly infringing the '726 patent. During this period, Aero checked with its patent counsel to determine whether the accused product infringed the '726 patent, Aero's original patent counsel was stricken with cancer and passed away, and Aero went through a change of ownership. Based on these facts, Intex has failed to prove, by a preponderance of the evidence, that a twenty-one- month delay in filing suit was unreasonable.

## CONCLUSION

For the foregoing reasons, judgment is entered for Plaintiffs and against Defendants on

Defendants' defenses of estoppel and laches.

Dated: July 7, 2004

JOHN W. DARRAH
United States District Judge