## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2590 | **DATE** | 12/15/2004 |
| **CASE TITLE** | Aero Products Intl., Inc. vs. Intex Recreation Corp., et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, Intex is ordered to forthwith cease and desist selling products containing product numbers prohibited by injunction. A hearing will be set for 2/10/05 at 10:30 a.m. for Intex to show that it has ceased and desisted from selling the products with the numbers set out above and to determine whether Intex has violatred the terms of the injunction. The Court strikes the hearing date of 1/27/05, stated in open Court. Enter Memorandum Opinion and Order. Defendant to file an answer to plaintiff's motion for contempt by 12/29/04, ruling by mail.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | DEC 15 2004 | | 249 |
| | Notified counsel by telephone. | | date docketed | | |
| x | Docketing to mail notices. | U.S. DISTRICT COURT | JXM | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | 2004 DEC 15 PM 2:32 | | | |
| MF | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

DEC 1 6 2004

| | |
|---|---|
| AERO PRODUCTS INTERNATIONAL, INC., a Florida corporation, and ROBERT B. CHAFFEE, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> INTEX RECREATION CORPORATION, a California corporation; QUALITY TRADING, INC., a California corporation; and WAL-MART STORES, INC., a Delaware corporation, <br><br> Defendants. | No: 02 C 2590 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

The Plaintiffs, Aero Products International, Inc. ("Aero") and Robert B. Chaffee, filed suit against the Defendants, Intex Recreation Corporation ("Intex"); Quality Trading, Inc.; and Wal-Mart Stores, Inc. A trial by jury was held, and Defendants were found to have willfully infringed Plaintiffs' patent, United States Patent No. 5,367,726 ("the '726 patent"), for a valve used in an inflatable air mattress and for violating Plaintiffs' trademark. Thereafter, an injunction issued preventing Intex from selling certain product numbers.[1]

Presently before the Court is Plaintiffs' Motion for Contempt. Plaintiffs raise two issues: (1) whether Intex has violated the injunction by selling products with product numbers prohibited

---

[1] *Aero Prods. Int'l v. Intex Recreation Corp.*, No. 02 C 2590, 2004 WL 2091996 (N.D. Ill. Sept. 16, 2004); *Aero Prods. Int'l v. Intex Recreation Corp.*, No. 02 C 2590, 2004 WL 2255984 (N.D. Ill. Sept. 16, 2004).

by the injunction and (2) whether Intex has sold another product that was not part of this litigation which infringes the '726 patent – Plaintiffs seek summary contempt proceedings in this regard.

## ANALYSIS

### *Violation of the Injunction*

Plaintiffs argue that Intex has violated the injunction by selling products with product numbers prohibited by the injunction. Plaintiffs seek a coercive fine of $10,000.00 per day, payable to the Court, until Intex changes its product numbers, starting one week after the ruling on this motion.

Seventh Circuit law is applicable in the resolution of this issue. *See, e.g., Shockley v. Arcan, Inc.*, 248 F.3d 1349, 1358 (Fed. Cir. 2001). A party must prove by clear and convincing evidence that the opposing party violated an injunction. *E.g., Goluba v. Sch. Dist. of Ripon*, 45 F.3d 1035, 1037 (7th Cir. 1995) (citations omitted) (*Goluba*). The violation need not be willful if the opposing party has not been "reasonably diligent and energetic in attempting to accomplish what was ordered." *Goluba*, 45 F.3d at 1037 (citation omitted). A fine may be entered to coerce obedience with an injunction. *Connolly v. J.T. Ventures*, 851 F.2d 930, 932 (7th Cir. 1988) (*Connolly*).

Intex does not dispute that it sold products with product numbers prohibited by the injunction.

Intex shall forthwith cease and desist selling products with Intex product nos. 66701, 66712, 66715, 66787-66795, 66905-66922, 66985-95, 66707W, 66791W, 66792K, 66792W, 66992W, and Wal-Mart product nos. 993809 and 993816. A hearing will be held; at which time, Intex shall demonstrate compliance with this order.

*Summary Contempt Proceeding*

Plaintiffs next seek summary contempt proceedings to hold Intex liable for infringing claims 9 and 12-15 of the '726 patent. According to Plaintiffs, Intex manufactured an air mattress different from that presented at trial which incorporates a valve that infringes the '726 patent because the valve is materially identical to the accused device, which was the subject of this litigation. Intex contends that it has not violated the Court's order in this regard and that a separate infringement action must be brought by Plaintiffs and that Plaintiffs should have raised issues concerning the new valve during trial.

To succeed in a summary contempt proceeding, the patentee must prove, by clear and convincing evidence, that "the modified device falls within the admitted or adjudicated scope of the claim and is, therefore, an infringement." *Arbek Mfg., Inc. v. Moazzam*, 55 F.3d 1567, 1569 (Fed. Cir. 1995) (*Arbek Mfg.*) (citation omitted). Contempt motions may be decided by using affidavits and exhibits without resorting to a full trial, *Arbek Mfg.*, 55 F.3d at 1569; but "the movant bears the heavy burden of proving violation by clear and convincing evidence," *KSM Fastening Sys., Inc. v. H.A. Jones Co.*, 776 F.2d 1522, 1524 (Fed. Cir. 1985).

3

The parties raise significant factual issues under both inquiries concerning Intex's new air mattress. As such, the matter is not ripe for determination based upon the pleadings submitted by the parties. Therefore, a hearing will be held to determine whether Intex's new air mattress is in violation of the injunction.

## CONCLUSION

For the foregoing reasons, Intex is ordered to forthwith cease and desist selling products containing product numbers prohibited by the injunction. A hearing will be set for February 10, 2005, at 10:30 a.m.: (1) for Intex to show that it has ceased and desisted from selling the products with the numbers set out above and (2) to determine whether Intex has violated the terms of the injunction.

Dated: December 15, 2004

JOHN W. DARRAH
United States District Judge

4