# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2590 | **DATE** | 12/15/2004 |
| **CASE TITLE** | Aero Products Intl., Inc. vs. Intex Recreation Corp., et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, Intex's motion for a judgment as a matter of law and for a new trial on damages or, in the alternative, for remittitur is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 22 2004 | |
| | Notified counsel by telephone. | | date docketed | 252 |
| | Docketing to mail notices. | | JXM | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| MF | courtroom deputy's initials | 2004 DEC 15 PM 2:35 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AERO PRODUCTS INTERNATIONAL, INC., )
a Florida corporation, and )
ROBERT B. CHAFFEE, an individual, )
)
Plaintiffs, )
)
v. ) No: 02 C 2590
)
INTEX RECREATION CORPORATION., ) Judge John W. Darrah
a California corporation; )
QUALITY TRADING, INC., )
a California corporation; and )
WAL-MART STORES, INC., )
a Delaware corporation, )
)
Defendants. )

DOCKETED
DEC 2 2 2004

## MEMORANDUM OPINION AND ORDER

The Plaintiffs, Aero Products International, Inc. ("Aero") and Robert B. Chaffee, filed suit against the Defendants, Intex Recreation Corporation ("Intex"); Quality Trading, Inc.; and Wal-Mart Stores, Inc. After trial by jury, Defendants were found liable for willfully infringing Plaintiffs' patent regarding an inflatable mattress valve, United States Patent No. 5,367,726 ("the '726 patent") and for violating Plaintiffs' trademark. The jury awarded Plaintiffs $2,950,000.00 in damages for patent infringement. The jury also awarded Plaintiffs $1,000,000.00 in damages for the trademark infringement arising from Intex's profits from using the mark. Presently before the Court is Intex's Motion for a Judgment as a Matter of Law and for New Trial on Damages or, in the Alternative, for Remittitur.

252

## ANALYSIS

Intex argues that: (1) the record demonstrates Plaintiffs failed to consistently mark their products with the '726 patent number prior to the filing of this action; (2) the jury award with respect to the trademark damages was against the great weight of the evidence presented at trial and constituted a double recovery. All legal issues are governed by Seventh Circuit law, except for substantive patent law and matters related thereto that bear an essential relationship to patent law; these issues are governed by Federal Circuit law. *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1381 (Fed Cir. 2002).

### *Patent Damages*

Intex contends that Aero failed to consistently mark their products with the '726 patent number prior to filing this action. Specifically, Intex asserts that: (1) Aero admitted to distributing products that lacked the '726 patent number; (2) the marking of Aero's products' packaging and inserts is insufficient to comply with the marking statute; and (3) Plaintiffs offered no evidence that its licensees marked the products they sold with the '726 patent number. A new trial on the issue of damages is required if a jury's damage award is against the great weight of the evidence. *Oiness v. Walgreen Co.*, 88 F.3d 1025, 1028 (Fed. Cir. 1996) (*Oiness*).

Initially, Plaintiffs argue that Intex waived its marking argument by not presenting a motion for a judgment as a matter of law in any of its pre-verdict motions. However, motions for a new trial are not required to be submitted prior to the verdict. *See, e.g., Umpleby v. Potter & Brimfield, Inc.*, 69 F.3d 209, 212-213 (7th Cir. 1995).

2

Under 35 U.S.C. § 287(a),

> Patentees, and persons making or selling any patented article for or under them, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice.

If a patentee fails to mark its product, "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for the infringement occurring after such notice." 35 U.S.C. § 287(a).

To satisfy the marking requirement, a patentee must consistently mark substantially all of its products and no longer distribute unmarked products. *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998) (*Nike*). The patentee must prove the marking requirement has been met by the preponderance of the evidence. *Nike*, 138 F.3d at 1446.

In this case, evidence was presented that Aero listed the '726 patent number on the product itself and was generally in compliance with the statute throughout the relevant period. Intex presented evidence that some times during 1999 and 2002, Aero failed to place the '726 patent number on the product. However, Intex failed to present any specific evidence as to the exact duration this occurred or even, in general, the number of units which were not properly marked in this regard. Therefore, it cannot be said that the jury's decision to find that Aero, by a preponderance of the evidence, complied with the marking requirement was against the great weight of the evidence.

3

Furthermore, Aero presented evidence that the instruction manuals, product packaging, and sell sheets were constantly marked with the '726 patent number during all relevant times. Intex argues that marking these items was insufficient and cites *Rutherford v. Trim-Tex, Inc.*, 803 F. Supp. 158, 163-64 (N.D. Ill. 1992), in support of this proposition. However, the jury instruction given by the Court regarding the marking requirement never discussed the proposition advanced by Intex; and Intex did not object to the instruction as given nor offered an alternate instruction consistent with the theory they are now arguing. Accordingly, Intex waived any objections in this regard; any error in giving the jury instruction was not so obvious that it could be described as a plain error. Fed. R. Civ. P. 51(d); *Riverwood Int'l Corp. v. R.A. Jones & Co.*, 324 F.3d 1346, 1353 (Fed. Cir. 2003); *Jabat, Inc. v. Smith*, 201 F.3d 852, 857 (7th Cir. 2000).

Intex also seeks a new trial or a remittitur because Aero offered no evidence that two licensees, the Coleman Company and Cyrk, Inc., marked the products they sold with the '726 patent number. However, Intex failed to provide any evidence that Coleman and Cyrk did not mark the products. Furthermore, "once marking has begun in compliance with the statute, *in rem* notice is provided and there is no reason to further limit damages" under the marking statute. *Am Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993). Here, there is no evidence that the licensees sold any products after October 2000 onward, the period in which Intex sold the infringing products and Plaintiffs sought to recover patent damages. Thus, Aero and its licensees were in compliance with the marking statute before Intex infringed the patent. In its reply, Intex offers nothing to the contrary.

4

Based on the above, the jury's decision was not against the great weight of the evidence, and Intex's motion for a new trial on this ground is denied. Similarly, Intex's motion for a remittitur on this ground is also denied.

*Trademark Damages*

Intex also raises two issues with respect to the trademark damages awarded to Plaintiffs. First, Intex seeks a judgment as a matter of law or a new trial because the jury's award was not supported by the evidence. Second, Intex seeks a remittitur because the jury's trademark award constituted an impermissible double recovery. These issues are governed by Seventh Circuit law.

In determining whether to grant a motion for a judgment as a matter of law under Federal Rule of Civil Procedure 50(b), the inquiry is limited to "whether the evidence presented, combined with all reasonable inferences permissibly drawn therefrom, is sufficient to support the verdict viewed in the light most favorable to the party against whom the motion is directed." *Susan Wakeen Doll Co. v. Ashton-Drake Galleries*, 272 F.3d 441, 449 (7th Cir. 2001) (*Susan Wakeen*). Thus, the jury's decision is reversed only if it is found "that no rational juror could have found for the prevailing party." *Susan Wakeen*, 272 F.3d at 449. To obtain a new trial under Federal Rule of Civil Procedure 59, the jury's verdict must be against the clear weight of the evidence. *Robinson v. Burlington N. R.R. Co.*, 131 F.3d 648, 656 (7th Cir. 1997).

An award of profits for trademark infringement may be given under an unjust enrichment or compensation theory. *Sands, Taylor, and Woods v. Quaker Oats Co.*, 34 F.3d 1340, 1349

(7th Cir. 1994) (*Sands*). "[A]n award of the wrongdoer's profits must bear some relationship to the unlawful conduct . . . ." *Alexander Binzel Corp. v. Nu-Tecsys Corp.*, No. 91 C 2092, 2000 WL 310304, at *13 (N.D. Ill. 2000) (citing *Sands*, 34 F.3d at 1349).

*Jury Award as Not Supported by the Evidence*

Intex argues that the evidence at trial established that the term trademark was not used on any of Intex's packaging or point of sale materials; but, rather, the term was only used on a "passive" website and a secure website available to Intex's sale personnel and a few customers. Intex also argues that Plaintiffs did not introduce any evidence regarding actual confusion regarding the source of Intex's products.

However, Intex concedes that there is no requirement that a package be marked to find a defendant liable for trademark infringement. *See, e.g., Intermatic, Inc. v. Toeppen*, 947 F. Supp. 1227, 1239 (N.D. Ill. 1996). Rather, the trademark must be used "in connection with the sale, offering for sale, distribution, or advertising of any goods or services." 15 U.S.C. § 1114(1)(a).

In this case, Plaintiffs presented evidence that the trademark was used on: (1) a publicly accessible website, (2) a password protected website available to some Intex customers, (3) a flip-book advertisement, and (4) a Quality Trading website. These sources were used to advertise and offer to sell Intex's products. Plaintiffs also presented evidence that customers were confused by Intex's advertising and use of Aero's trademark. Plaintiff further presented evidence of profits made by Intex through its infringing activities. Therefore, evidence was presented by Plaintiffs that would bear some relationship to the wrongful conduct of Intex.

Based on the above, a rational juror could have found for Plaintiffs on this issue when viewing the evidence in the light most favorable to Plaintiffs. Moreover, the jury's verdict was

6

not against the clear weight of the evidence. Accordingly, Intex's motions for a judgment as a matter of law and new trial are denied.

*Double Recovery*

Intex seeks a remittitur because the jury's trademark award constituted an impermissible double recovery. According to Intex, the jury awarded an amount of patent damages in excess of any profit made by Intex in selling the accused products. Therefore, the patent damages and the trademark infringement overlapped and resulted in a double recovery for Plaintiffs.

Intex cites *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1291 (Fed. Cir. 2002) (*Catalina Lighting*), in support of its argument. There, though, the court relied on 35 U.S.C. § 289, which prohibits the owner of a design patent from twice recovering the profit made from an infringement by obtaining a reasonable royalty. Section 289 is not applicable here because a design patent is not at issue.

Intex also cites *Bowers v. Baystate Techs., Inc.*, 320 F.3d 1317, 1327-28 (Fed. Cir. 2003) (*Bowers*), for the proposition that the jury may award separate damages for the patent and trademark claims; and the court, in its discretion, may make appropriate adjustments to avoid a double recovery. In *Bowers*, however, the claims at issue involved copyright and contract claims.

The function of patent damages is not to disgorge the profits of the infringer. *King Instruments Corp. v. Perego*, 65 F.3d 941, 948 (Fed. Cir. 1995) (citation omitted) (*King Instruments*). Instead, the patentee is entitled to recover the loss it suffered without regard to whether the infringer profited. *King Instruments*, 65 F.3d at 948. In contrast, as discussed above, trademark infringement damages are premised on unjust enrichment and compensation

7

theories. Therefore, Plaintiffs were not awarded an impermissible double recovery in receiving both patent and trademark damages as awarded by the jury.

## CONCLUSION

For the foregoing reasons, Intex's Motion for a Judgment as a Matter of Law and for New Trial on Damages or, in the Alternative, for Remittitur is denied.

Dated: November 15, 2004

JOHN W. DARRAH
United States District Judge