# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Aero Products International, Inc., a Florida corporation, and Robert B. Chaffee, an individual, | Case No. 02 C 2590 |
| Plaintiffs, | |
| v. | Judge John W. Darrah |
| Intex Recreation Corp., a California corporation, Quality Trading, Inc., a California corporation, and Wal-Mart Stores Inc., a Delaware corporation, | Magistrate Judge Geraldine Soat Brown |
| Defendants. | |

## AERO'S MEMORANDUM IN SUPPORT OF THE COURT'S RULING THAT INTEX MUST POST SECURITY FROM A UNITED STATES INSTITUTION

Intex was ordered at the November 3, 2005 hearing "to post appropriate security with a U.S. national institution. . . ." (Ex. A, at 3-4.) This is the correct ruling and it should not be reconsidered. Intex's proposed letter of credit is from a Chinese bank and is presentable only in China. It is likely that this Court does not have jurisdiction over the Chinese bank and, even if it does, enforcement of the letter would be hindered by complex issues of international banking and diplomacy. Intex obtained security for the judgment from a U.S. institution last year and it should do the same this year.

## I. THE COURT HAS DISCRETION TO DETERMINE THE SUFFICIENCY OF INTEX'S PROPOSED SECURITY

A judgment may be stayed if the Court determines that the defendant has posted sufficient security. Fed. R. Civ. P. 62. Local Rule 62.1 requires that the security must "be conditioned for satisfaction of the judgment . . . ." The interpretation and application of this Rule, including whether Intex's letter of credit is "conditioned for satisfaction,"

is within the sole discretion of this Court. *See Federal Trade Commission v. Bay Area Business Council, Inc*., 423 F.3d 627, 633 (7th Cir. 2005) (enforcement of local rules is discretionary with the district court).

## II.  INTEX'S PROPOSED LETTER OF CREDIT IS NOT "CONDITIONED FOR SATISFACTION"

Intex's proposed letter of credit was issued by Hong Kong and Shanghai Bank Corp. (Ex. B.)  The credit "is available at the counters of Hong Kong and Shanghai Bank Corp., Mongkok, Kowloon, Hong Kong." (*Id*.)  Intex's previous letter credit, dated October 22, 2004, was issued by Wells Fargo Bank in San Francisco, California. (Ex. C.)  Intex has not provided any reasonable explanation why its renewed letter of credit was not issued from Wells Fargo Bank, or any other U.S. institution.

Intex's letter of credit from Hong Kong and Shanghai Bank Corp. is fraught with risk and uncertainty.  First, it is not clear whether this Court has jurisdiction over a Hong Kong or Shanghai Bank.  *See Lasalle Business Credit, LLC v. GCR Eurodraw SPA*, No. 03 C 6051, 2004 WL 1880004, at *8 (N.D. Ill. Aug. 18, 2004) (a court does not have jurisdiction over issuing bank, simply by virtue of issuance of letter of credit).  A letter of credit provides no security at all if this Court does not have the power and authority to force the issuing bank to make payment.  Second, even if this Court were able to obtain jurisdiction over Hong Kong and Shanghai Bank, it is not clear if Chinese laws would allow this Court to order a Chinese bank to disgorge substantial funds to a U.S. company. Any action to enforce the letter of credit would require a substantial amount of time and money and would force this Court and Aero to wrestle with complicated issues of international banking and diplomacy.  Aero obtained a judgment in U.S. court, against a U.S. company, based on actions that took place on U.S. soil.  Aero should not have to go to China to get its money.

Moreover, the risk and uncertainty associated with Intex's proposed security is completely unnecessary.  Intex's first security for the judgment was issued from a U.S.

institution (Ex. C), and there is no reason why Intex cannot obtain security from a U.S. institution this time. Intex availed itself of the privilege of doing business in the United States. Intex set up a U.S. corporation and imports millions of products into the United States each year. Having reaped the benefits of U.S. laws and U.S. customers, it is hardly unfair that Intex be required to obtain security from a U.S. institution.

Aero is particularly concerned about Intex obtaining proper security in this case because Intex has a track record of lying about the security it is posting to secure a judgment. In prior patent litigation, Intex was sanctioned for misrepresentations made to the United States District Court for the Northern District of California in conjunction with its obtaining a stay of judgment. (Ex. D.) Intex must be kept on a short leash and required to post proper security.

## III. CONCLUSION

If Intex wishes to stay the $12.9 million judgment against it, Intex must post appropriate security from a United States institution.

Respectfully submitted,

Dated: November 17, 2005

By: s/ David H. Bluestone
   William H. Frankel
   Michael P. Chu
   Mark H. Remus
   David H. Bluestone
   BRINKS HOFER GILSON & LIONE
   NBC Tower, Suite 3600
   455 North Cityfront Plaza Drive
   Chicago, Illinois 60611-5599
   (312) 321-4200

   Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2005, I caused **AERO'S MEMORANDUM IN SUPPORT OF THE COURT'S RULING THAT INTEX MUST POST SECURITY FROM A UNITED STATES INSTITUTION** to be filed by electronic filing, which provides service for the following counsel:

> Mark E. Phelps
> Leydig, Voit & Mayer, Ltd.
> Two Prudential Plaza
> 180 N. Stetson Ave. #4900
> Chicago, IL 60601-6780
> (312) 616-5600

Courtesy copies were also served upon the following counsel via email:

> M. Daniel Heffner
> Leydig, Voit & Mayer, Ltd.
> Two Prudential Plaza
> 180 N. Stetson Ave. #4900
> Chicago, IL 60601-6780
> (312) 616-5600

> Thomas S. Kiddé
> Lewis Brisbois Bisgaard & Smith LLP
> 221 North Figueroa Street
> Suite 1200
> Los Angeles, CA 90012
> (213) 250-1800

_____s/ David H. Bluestone_____

# EXHIBIT A

1    IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF ILLINOIS
2              EASTERN DIVISION

3

4    AERO PRODUCTS INTERNATIONAL, INC., a      )
     Florida corporation, and                  )
     ROBERT B. CHAFFEE, an individual,         )  No. 02 C 2590
5                                              )
                    Plaintiffs,                )  Chicago, Illinois
6                                              )  November 3, 2005
             v.                                )  9:00 o'clock a.m.
7                                              )  Status Hearing
     INTEX RECREATION CORP., a California      )
8    Corporation, QUALITY TRADING, INC., a     )
     California corporation, and WAL-MART      )
9    STORES, INC., a Delaware corporation,     )
                                               )
10                  Defendants.                )

11
               TRANSCRIPT OF PROCEEDINGS
12        BEFORE THE HONORABLE JOHN W. DARRAH

13   APPEARANCES:

14   For the Plaintiffs:    BRINKS, HOFER, GILSON & LIONE, by
                            MR. DAVID H. BLUESTONE
15                          455 Cityfront Plaza Drive
                            Chicago, Illinois 60611
16

17

18   For the Defendants:   LEYDIG, VOIT, & MAYER, LTD., by
                            MR. MARK E. PHELPS
19                          180 North Stetson Avenue - Suite 4900
                            Two Prudential Plaza
20                          Chicago, Illinois 60601

21
          Valarie M. Ramsey - Official Court Reporter
22         219 South Dearborn Street - Room 1212
                  Chicago, Illinois 60604
23                  (312) 435-6891

24

25

1                    THE CLERK:  02 C 2590, Aero versus Intex.

2                    MR. BLUESTONE:  Good morning, Your Honor.  David

3      Bluestone on behalf of Aero.

4                    THE COURT:  Good morning, Mr. Bluestone.

5                    MR. PHELPS:  Good morning, Your Honor.  Mark Phelps

6      on behalf of defendant Intex Recreation.

7                    THE COURT:  Good morning.

8                    This matter comes on this morning for presentation of

9      an amended judgment order, and it's been represented that the

10     parties have no objection to the language of the order.

11                   MR. BLUESTONE:  That's correct, Your Honor.

12                   MR. PHELPS:  Correct.

13                   THE COURT:  Okay.  There's also a note that the

14     appeal in the federal circuit has or is about to be

15     voluntarily dismissed; is that correct?

16                   MR. BLUESTONE:  Your Honor, it's been dismissed to

17     certain issues.  There are actually three separate appeals

18     that further relates to this court's claim construction is

19     still pending.

20                   THE COURT:  Okay.  Then that amended judgment order

21     will enter, and that's all that really needs to be done here,

22     I take it?

23                   MR. BLUESTONE:  There's one minor issue, Your Honor,

24     that we would like some guidance on, if you'll indulge us.  We

25     hoped we wouldn't have to do a briefing schedule on this

1 || issue.

2 || With respect to the posting the supersedeas bond,
3 Intex filed a renewal for their letter of credit recently, but
4 the letter of credit was issued from a bank from Hong Kong and
5 a sister company. We've asked that they post the bond from a
6 reputable U.S. bank. Intex feels it's not necessary. We have
7 looked in the local rules and haven't really found any answer
8 one way or the other, so we'd ask the court if you have any
9 opinion which way or the other, or if you'd like us to brief
10 it we'd be happy to do so, but if there is a position we'd
11 rather move on.

12 || THE COURT: Counsel.

13 || MR. PHELPS: Your Honor, the bond is posted by -- or
14 the irrevocable letter of credit is by HSBC in Hong Kong, 300
15 billion dollar in assets. It's part of the third largest
16 banking institution in the world.

17 || THE COURT: Mr. Bluestone, what's your concern?

18 || MR. BLUESTONE: Our concern is that it is a bank in a
19 foreign jurisdiction, and, frankly, we don't know what could
20 happen in Chinese laws and if it did happen that they somehow
21 put a block on the funds this court really would be limited in
22 what it could --

23 || THE COURT: I'll order you to post appropriate
24 security with a U.S. national institution, counsel. If you
25 have some authority to the contrary, we'll put it over for two

4

1   weeks, you can submit that, but that will be the order of the
2   court.  We'll put it over two weeks for status.

3              MR. PHELPS:  Your Honor, I have been advised that it
4   would be a considerable hardship given the banking
5   relationship.

6              THE COURT:  His point is well-taken.  The fact that
7   the institution has significant assets is of no avail if in
8   fact Chinese law would permit an action on the bond or would
9   preclude an action on the bond.

10             MR. PHELPS:  Your Honor, if I might, I would suggest,
11  Mr. Bluestone's admitted he has no authority for this
12  objection and it seems like --

13             THE COURT:  Okay.  You can brief it, fellows.  How
14  much time do you need to file a brief, Mr. Bluestone?

15             MR. BLUESTONE:  If possible, I believe we could
16  probably do simultaneous briefing within a week.

17             THE COURT:  Okay.  Why don't you brief the issue and
18  submit it to me in two weeks.

19             THE CLERK:  November 17th at 9 a.m.

20             THE COURT:  Okay.

21             MR. PHELPS:  May I request that they file first?  We
22  don't know of any reason other than a gut reaction that they
23  don't like it.

24             THE COURT:  What was the date?

25             THE CLERK:  November 17th.

1          THE COURT: That's more than a gut reaction. It

2    certainly makes a great deal of common sense. I'm really

3    familiar with this case. I heard the jury trial.

4          What was the date again?

5          THE CLERK: November 17th.

6          THE COURT: If you wish to file a brief, file it by

7    that date, counsel.

8          MR. PHELPS: Okay. Thank you, Your Honor.

9          MR. BLUESTONE: And then when would we be up, Your

10   Honor?

11         THE COURT: We'll take a status date about three

12   weeks after that.

13         THE CLERK: December 8th at 9 a.m.

14         MR. BLUESTONE: Thank you, Your Honor.

15         THE COURT: You welcome.

16

17                *    *    *    *    *    *    *

18                    C E R T I F I C A T E

19

20

21         I hereby certify that the foregoing is a true and

22   correct transcript of the above-entitled matter.

23         _Talla M Ramsey_

24   _____                    _11/8/05_
     Official Court Reporter                          Date
25

# EXHIBIT B



**WELLS FARGO HSBC
TRADE BANK N.A.**
A joint venture with HSBC ⟨X⟩

DATE OF ADVICE: OCTOBER 19, 2005

ADVICE OF CORRESPONDENT'S
IRREVOCABLE DOCUMENTARY CREDIT
NUMBER: SDCHKH158696
DATED: OCTOBER 19, 2005
OUR ADVICE NUMBER: NDE555811

DATE OF EXPIRY: OCTOBER 21, 2006
PLACE OF EXPIRY: AT ISSUING BANK'S
COUNTER

OPENING BANK:
HONG KONG AND SHANGHAI BANK CORP.
TRADE SERVICES,KWD DIV.TEAM 1
HSBC BLDG. 673 NATHAN ROAD
MONGKOK,KOWLOON, HK

APPLICANT:                               BENEFICIARY:
INTEX TRADING LTD                        UNITED STATES DISTRICT COURT
C/O 8/F, DAH SING FINANCIAL CENTRE,      NORTHERN DISTRICT OF ILLINOIS
108 GLOUCESTER ROAD,                     CHICAGO, IL
WANCHAI, HONG KONG

AMOUNT: NOT EXCEEDING USD

7,466,197.67

NOT EXCEEDING SEVEN MILLION FOUR
HUNDRED SIXTY SIX THOUSAND ONE
HUNDRED NINETY SEVEN AND 67/100'S US
DOLLARS

AT THE REQUEST OF THE ABOVE MENTIONED BANK(S), WE ENCLOSE THE ORIGINAL OF THEIR
LETTER OF CREDIT.

WHEN PRESENTING DRAFT(S) AND THE SPECIFIED DOCUMENTS PLEASE SUBMIT AN ADDITIONAL
COPY SET OF ALL DOCUMENTS FOR OUR FILES.

PLEASE NOTE THAT THIS CREDIT IS AVAILABLE AT THE COUNTERS OF HONG KONG AND
SHANGHAI BANK CORP., MONGKOK,KOWLOON, HONG KONG (THE "DESIGNATED BANK"). UNLESS
OTHERWISE INSTRUCTED BY YOU, DOCUMENTS PRESENTED TO US WILL BE EXAMINED BY US
AND SENT TO THE DESIGNATED BANK FOR HONOR. WE WILL REMIT PROCEEDS OF YOUR
DRAWING TO YOU ONLY UPON OUR RECEIPT OF AVAILABLE FUNDS. ALL OUR CHARGES,
INCLUDING OUR DOCUMENT EXAMINATION FEE, WILL BE FOR YOUR ACCOUNT AND WILL BE
DEDUCTED FROM THE PROCEEDS OF THE DRAWING EXCEPT TO THE EXTENT ACTUALLY PAID BY
THE DESIGNATED BANK WHERE THE CREDIT TERMS PERMIT US TO CLAIM SUCH CHARGES FROM
THE DESIGNATED BANK. IF YOU INSTRUCT US NOT TO EXAMINE THE DOCUMENTS, OUR
SPECIAL HANDLING FEE OF USD 100.00 WILL BE CHARGED IN LIEU OF OUR DOCUMENT
EXAMINATION FEE.

TO AVOID DELAYS IN OBTAINING PAYMENT(S) UNDER THIS CREDIT, STRICT COMPLIANCE
WITH ITS TERMS IS REQUIRED. IF YOU ARE UNABLE TO COMPLY WITH THOSE TERMS, WE
SUGGEST THAT YOU COMMUNICATE WITH YOUR BUYER IMMEDIATELY TO ARRANGE FOR ANY

Operations Group
Northern California
One Front Street, 21st Floor
San Francisco, CA 94111



**WELLS FARGO HSBC**
**TRADE BANK N.A.**
*A joint venture with HSBC* **⟨X⟩**

PAGE: 2

THIS IS AN INTEGRAL PART OF ADVICE NUMBER: NDE555811

AMENDMENTS.

IF ANY INSTRUCTIONS ACCOMPANYING A DRAWING UNDER THIS LETTER OF CREDIT REQUEST
THAT PAYMENT IS TO BE MADE BY TRANSFER TO AN ACCOUNT WITH US OR AT ANOTHER BANK,
WE AND/OR SUCH OTHER BANK MAY RELY ON AN ACCOUNT NUMBER SPECIFIED IN SUCH
INSTRUCTIONS EVEN IF THE NUMBER IDENTIFIES A PERSON OR ENTITY DIFFERENT FROM THE
INTENDED PAYEE.

NOTWITHSTANDING ANY INDICATION IN THE LETTER OF CREDIT THAT ALL BANKING CHARGES
ARE FOR ACCOUNT OF THE APPLICANT, THE FOLLOWING EXPENSES AND CHARGES ARE FOR
YOUR ACCOUNT; (I) ANY OUT-OF-POCKET EXPENSES INCURRED BY US IN EFFECTING PAYMENT
TO YOU IN ACCORDANCE WITH YOUR INSTRUCTIONS; (II) ANY FEES CHARGED BY ANY BANK
FROM WHOM WE MAY BE REQUIRED TO OBTAIN REIMBURSEMENT; AND (III) ANY OF OUR
CHARGES WHICH MAY BE REJECTED BY SUCH A REIMBURSING BANK.

DOCUMENTS MUST BE FORWARDED TO US VIA COURIER IN ONE PARCEL AND MAY BE MAILED TO
WELLS FARGO HSBC TRADE BANK, N.A., TRADE SERVICES OPERATIONS-NORTH, ONE FRONT
STREET, 21ST FLOOR, MAC: A0195-212, SAN FRANCISCO, CA 94111.

THIS LETTER IS SOLELY AN ADVICE OF A LETTER OF CREDIT ISSUED BY THE
ABOVE-MENTIONED OPENING BANK AND CONVEYS NO ENGAGEMENT BY US.

THIS CREDIT IS SUBJECT TO THE UNIFORM CUSTOMS AND PRACTICE FOR DOCUMENTARY
CREDITS (1993 REVISION), INTERNATIONAL CHAMBER OF COMMERCE, PUBLICATION NUMBER
500.

YOU AND ALL OTHER PERSONS OR ENTITIES INVOLVED IN THIS LETTER OF CREDIT ARE
ADVISED THAT FROM TIME TO TIME THE U.S. GOVERNMENT IMPOSES (I) SANCTIONS AGAINST
CERTAIN SPECIALLY DESIGNATED OR BLOCKED PERSONS AND ENTITIES AND CERTAIN
COUNTRIES, AS WELL AS PERSONS AND ENTITIES LOCATED IN OR NATIONALS OF OR RELATED
TO SUCH COUNTRIES, AND (II) PROHIBITIONS AGAINST PERFORMING ACTIONS WHICH IN ANY
WAY SUPPORT BOYCOTTS OF CERTAIN COUNTRIES. UNDER THESE SANCTIONS AND
PROHIBITIONS, WE ARE NOT ABLE TO ENGAGE IN TRANSACTIONS THAT IN ANY WAY INVOLVE
SUCH COUNTRIES OR PERSONS AND ENTITIES OR VIOLATE SUCH SANCTIONS OR
PROHIBITIONS. IN HANDLING THIS LETTER OF CREDIT AND ANY TRANSACTIONS UNDER THIS
LETTER OF CREDIT WE WILL ACT IN ACCORDANCE WITH THE THEN CURRENT SANCTIONS AND
PROHIBITIONS. IF WE IN GOOD FAITH BELIEVE THAT THESE SANCTIONS OR PROHIBITIONS
REQUIRE US TO TAKE OR NOT TAKE AN ACTION IN CONNECTION WITH THIS LETTER OF
CREDIT, WE WILL NOT BE LIABLE TO YOU OR ANY OTHER PERSON OR ENTITY INVOLVED IN
THIS LETTER OF CREDIT FOR TAKING OR NOT TAKING SUCH ACTION.

AUTHORIZED SIGNATURE

PLEASE CONTACT LAURA CHENG BY TELEPHONE AT 415-396-3395 OR BY FAX AT
(415)296-8793 OR OUR HELPLINE AT 1-800-798-2815 OPTION 1 REGARDING ANY
INQUIRIES.

| SENDER SWFT ADDRESS | RECEIVER SWFT ADDRESS | MSG TYPE | L/C ID | DOC TRACK ID | STATUS | ERROR FOUND |
|---|---|---|---|---|---|---|
| HSBCHKHHAHKH | WFBIUS6SAXXX | 700 | 00000000555811 | 00000001911467 | UPL | NO |

MESSAGE RECEIVED FROM :
HONG KONG AND SHANGHAI BANK CORP.
TRADE SERVICES,KWD DIV.TEAM 1
HSBC BLDG. 673 NATHAN ROAD
MONGKOK,KOWLOON          HK

```
:27 : SEQUENCE OF TOTAL
:   : 1/1
:   :
:40A: FORM OF DOCUMENTARY CREDIT
:   : IRREVOCABLE
:   :
:20 : DOCUMENTARY CREDIT NUMBER
:   : SDCHKH158696
:   :
:31C: DATE OF ISSUE
:   : 051019
:   :
:31D: DATE AND PLACE OF EXPIRY
:   : 061021AT ISSUING BANK'S COUNTER
:   :
:50 : APPLICANT
:   : INTEX TRADING LTD
:   : C/O 8/F, DAH SING FINANCIAL CENTRE,
:   : 108 GLOUCESTER ROAD,
:   : WANCHAI,HONG KONG
:   :
:59 : BENEFICIARY
:   : UNITED STATES DISTRICT COURT
:   : NORTHERN DISTRICT OF ILLINOIS
:   :
:32B: CURRENCY CODE, AMOUNT
:   : USD7466197,67
:   :
:39B: MAXIMUM CREDIT AMOUNT
:   : NOT EXCEEDING
:   :
:41D: AVAILABLE WITH ... BY ...
:   : HK+SHANGHAI BANKING CORPORATION LTD
:   : HONG KONG OFFICE
:   : BY PAYMENT
:   :
:46A: DOCUMENTS REQUIRED
:   : AT THE REQUEST OF INTEX TRADING LTD, WE HEREBY ISSUE THIS
:   : IRREVOCABLE STANDBY DOCUMENTARY CREDIT WHICH IS AVAILABLE UPON
:   : PRESENTATION OF BENEFICIARY'S DRAFT(S) AT SIGHT DRAWN ON THE
:   : HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED, HONG KONG
:   : BEARING THE CLAUSE: 'DRAWN UNDER IRREVOCABLE STANDBY DOCUMENTARY
:   : CREDIT NO. SDCHKH158696 OF THE HONGKONG AND SHNAGHAI BANKING
:   : CORPORATION LIMITED HONG KONG' UPTO AN AGGREGATE AMOUNT OF
:   : USD7,466,197.67 (UNITED STATES DOLLARS SEVEN MILLION FOUR
:   : HUNDRED SIXTY SIX THOUSAND ONE HUNDRED NINETY SEVEN AND CENTS
:   : SIXTY SEVEN ONLY) COVERING THE TERMS OF JUDGMENT THAT ARE OR MAY
```

THIS IS THE OPERATIVE CREDIT INSTRUMENT. THIS INSTRUMENT, OUR ORIGINAL COVER LETTER AND ANY AMENDMENTS HEREOF MUST BE PRESENTED TOGETHER WITH EACH DRAWING HEREUNDER EACH NEGOTIATION/PAYMENT HEREUNDER MUST BE ENDORSED ON THIS INSTRUMENT BY THE NEGOTIATING/PAYING BANK

WELLS FARGO HSBC TRADE BANK, N.A.

AUTHORIZED SIGNATURE

OUR REF. NDE 555 811

```
: BECOME PAYABLE BY INTEX RECREATION CORP., 4001 VIA ORO AVENUE,
: SUITE 210, LONG BEACH, CA 90810 ACCOMPANIED BY BENEFICIARY'S
: SIGNED AND DATED STATEMENT WORDED AS FOLLOWS:
: .
: ''THE UNDERSIGNED, AN AUTHORIZED REPRESENTATIVE OF THE UNITED
: STATES DISTRICT COURT, (''BENEFICIARY''), HEREBY CERTIFIES THAT
: BENEFICIARY IS ENTITLED TO DRAW THE AMOUNT UNDER HSBC, STANDBY
: LETTER OF CREDIT NO. SDCHKH158696 UNDER THE TERMS OF THAT
: CERTAIN JUDGMENT IN CIVIL CASE NO. 02 C2590 ENTERED BY
: BENEFICIARY AGAINST INTEX RECREATION CORP.''
:
47A: ADDITIONAL CONDITIONS
: +PARTIAL DRAWINGS ALLOWED.
: +ALL BANKING CHARGES OUTSIDE HONG KONG, INCLUDING ADVISING
: COMMISSION, PRESENTING BANK'S COMMISSION AND ANY CHARGES
: RELATING TO THE PRESENTING BANK'S PAYMENT INSTRUCTIONS ARE FOR
: THE ACCOUNT OF APPLICANT.
: +ALL DOCUMENTS MUST BE ISSUED IN ORIGINAL AND MADE OUT IN
: ENGLISH UNLESS OTHERWISE STIPULATED.
: INSTRUCTIONS TO PRESENTING BANK:
: +ALL DRAWINGS MUST BE ADVISED BY TELECOMMUNICATION, AND WITHOUT
: DELAY, TO THE ISSUING BANK.
: +PRESENTATION BY TESTED TELEX OR SWIFT ACCEPTABLE.
: +DOCUMENTS MUST BE DESPATCHED BY COURIER SERVICES IN ONE COVER
: TO THE HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED, HONG
: KONG OFFICE, TRADE SERVICES DEPARTMENT AT 5/F HSBC BUILDING
: MONGKOK, 673 NATHAN ROAD, MONGKOK, KOWLOON, HONG KONG ATTN: HKH
: DIV. 2.
: +ON RECEIPT OF DOCUMENTS CONFORMING TO THE TERMS OF THIS
: DOCUMENTARY CREDIT AT OUR COUNTER, WE UNDERTAKE TO REIMBURSE YOU
: IN THE CURRENCY OF THIS CREDIT IN ACCORDANCE WITH YOUR PAYMENT
: INSTRUCTION. IF PAYMENT IN USD BY TELEGRAPHIC TRANSFER IS
: REQUIRED, PLEASE STATE THE APPROPRIATE ABA NO. AND CHIPS NO. ON
: YOUR COVERING SCHEDULE / IF CHATS PAYMENT IS REQUIRED, PLEASE
: PROVIDE YOUR ACCOUNT NUMBER OR AID NO. ON THE PAYMENT
: INSTRUCTION OF THE COVERING SCHEDULE.
: +WE HEREBY ENGAGE WITH YOU THAT ALL DRAWINGS UNDER AND IN
: COMPLIANCE WITH THE TERMS OF THIS IRREVOCABLE STANDBY CREDIT
: WILL BE DULY HONOURED ON PRESENTATION.
: +PLEASE MARK ALL CORRESPONDENCE AND TELEX/SWIFT FOR THE
: ATTENTION OF TRADE SERVICES HKH DIVISION 2 QUOTING
: THIS DC NUMBER.
: .
: INSTRUCTION TO ADVISING BANK:
: PLEASE SEND THE ORIGINAL COPY OF THIS STANDBY DC BY COURIER
: UNDER PHONE ADVICE TO THE FOLLOWING ATTORNEY ON BEHALF OF
: APPLICANT WHO WILL THEN PRESENT IT DIRECTLY TO THE BENEFICIARY.
: .
: LEYDIG, VOIT AND MAYER, LTD
: TWO PRUDENTIAL PLAZA - SUITE 4900
: 180 NORTH STETSON AVENUE
: CHICAGO, IL 60601-6780
: ATTN: M. DANIEL HEFNER, ESQ
: PHONE (312)616-5600
: .
: THIS LETTER OF CREDIT IS SUBJECT TO THE UNIFORM CUSTOMS AND
: PRACTICE FOR DOCUMENTARY CREDITS (1993 REVISION), INTERNATIONAL
: CHAMBER OF COMMERCE PUBLICATION NO. 500, AND ENGAGES US IN
: ACCORDANCE WITH THE TERMS THEREOF.
:
```

49 : CONFIRMATION INSTRUCTIONS
   : WITHOUT
   :

# EXHIBIT C



Trade Services San Francisco
One Front Street, 21st Floor
San Francisco, CA 94111

### WELLS FARGO BANK, N.A.
### TRADE SERVICES DIVISION, NORTHERN CALIFORNIA
### ONE FRONT STREET- 21ST FLOOR
### MAC # A0195-212
### SAN FRANCISCO, CALIFORNIA, 94111

#### CONTACT PHONE: 1(800) 798-2815 OPTION 1
#### EMAIL: sftrade@wellsfargo.com

#### IRREVOCABLE LETTER OF CREDIT

**BENEFICIARY:**
United States District Court
Northern District of Illinois

Letter of Credit No.: NZS529877
Date: October 22, 2004

At the request and for the account of Intex Recreation Corp., 4130 Santa Fe Ave., Long Beach, CA 90810, we hereby establish our irrevocable Letter of Credit in your favor in the amount of seven million four hundred sixty six thousand one hundred ninety seven dollars and 67/100 United States Dollars (US $7,466,197.67). This Letter of Credit is available with us at our above office by payment of your draft(s) drawn on us at sight accompanied your signed and dated statement worded as follows:

> "The undersigned, an authorized representative of the United States District Court, ("Beneficiary"), hereby certifies that Beneficiary is entitled to draw the amount of the accompanying draft under Wells Fargo Bank, N.A. Letter of Credit number NZS529877 under the terms of that certain judgment in civil case no. 02 C 2590 entered by Beneficiary against Intex Recreation Corp.."

Partial Drawings are permitted (more than one draft may be drawn and presented under this Letter of Credit).

Each draft must also be accompanied by the original of this Letter of Credit for our endorsement on this Letter of Credit of our payment of such draft.

Each draft must be marked "**DRAWN UNDER WELLS FARGO BANK, N. A. LETTER OF CREDIT NO. NZS529877.**"

This Letter of Credit expires at our above office on October 22, 2005.

This Letter of Credit is subject to the Uniform Customs and Practice For Documentary Credits (1993 Revision), International Chamber of Commerce Publication No. 500, and engages us in accordance with the terms thereof.

1

We hereby engage with you that your draft drawn and presented to us in compliance with the terms and provisions of this Letter of Credit will be duly honored by payment to you of the amount requested.

Very truly yours,

WELLS FARGO BANK, N. A.

By: _____
(Authorized Signature)

JAMES B. SINGH
VICE PRESIDENT

2

# EXHIBIT D

CARTWRIGHT, SLOBODIN, BOKELMAN,
BOROWSKY, WARTNICK, MOORE & HARRIS, INC.
JACK L. SLOBODIN, ESQ.
RICHARD KIRK CANNON, ESQ.
101 CALIFORNIA ST., STE. 2600
SAN FRANCISCO, CA 94111
PHONE: (415) 433-0440

FLEHR, HOHBACK, TEST, ALBRITTON & HERBERT
EDWARD S. WRIGHT, ESQ.
850 HANSEN WAY, STE. 200
PALO ALTO, CA 94304
PHONE: (415) 494-8700

ATTORNEYS FOR DEFENDANTS AND
COUNTERCLAIMANTS CHARLES PRIOR HALL
& WBX PARTNERS

FILED

MAY 29 1992

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEX PLASTICS SALES CO.,<br>a California corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CHARLES PRIOR HALL,<br>an individual,<br><br>　　　　　Defendant.<br>_____<br>AND RELATED COUNTERCLAIM.<br>_____/ | CIV. ACTION NO.<br>C 85-2987 JPV<br><br>**ORDER IMPOSING SANCTIONS<br>AND ORDER OF EXAMINATION** |

As sanctions for misrepresentation made to this Court in obtaining a stay of execution of the judgment in this matter and for failure to comply with the stipulation to pay the balance of the judgment, with interest at the legal rate, by May 21, 1992, IT IS HEREBY ORDERED AS FOLLOWS:

　　　　1.　Sanctions are imposed on **TIEN ZEE**, President of Intex

**ORDER IMPOSING SANCTIONS**

Plastics Corporation, and **JACK KRAMER**, Vice President and General Manager of Intex Plastics Corporation, in the amount of Six Million, Three Hundred Thousand Dollars ($6,300,000.00).

2.   Charles Prior Hall and WBX Partners ("Hall") are enjoined and restrained from attempting to enforce the aforesaid sanctions until authorized to do so by this Court.

3.   On June 2, 1992, at 10:00 a.m., before a Magistrate of this Court, **TIEN ZEE, JACK KRAMER** and **ROBERT T. HOWE**, Assistant Secretary of Intex Plastics Corporation, shall appear for examination by Hall pursuant to Order of this Court dated April 22, 1992, and shall bring with them all records and other documents necessary for a full and complete examination as to the following:

**TIEN ZEE AND JACK KRAMER** - The financial condition and assets of Intex Plastics Corporation (formerly Intex Plastics Sales Company) and Intex Recreation Corporation **and their own personal financial condition and assets;**

**ROBERT T. HOWE** - The financial condition and assets of Intex Plastics Corporation (formerly Intex Plastics Sales Company) and Intex Recreation Corporation.

4.   This Order is without prejudice to the right of Hall to seek additional relief in the form of additional sanctions, or otherwise, in this matter

5.   The hearing on Hall's motion for sanctions is continued from May 21, 1992, to June 18, 1992.

6.   This matter is referred to CHIEF MAGISTRATE JUDGE F. STEELE LANGFORD, ROOM 18022, 18TH FLOOR, 450 GOLDEN GATE AVENUE, **ORDER IMPOSING SANCTIONS**

SAN FRANCISCO, CALIFORNIA, for assignment to a Magistrate Judge
for examination pursuant to Paragraph 3 hereof, until completed.

DATED: *May 25, 1992*

_____
J. P. VUKASIN, JR.
U.S. DISTRICT JUDGE

BML\INTA.200

**ORDER IMPOSING SANCTIONS**