UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AERO PRODUCTS INTERNATIONAL, INC., a Florida corporation, and ROBERT B. CHAFFEE, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> INTEX RECREATION CORP., a California corporation; QUALITY TRADING, INC., a California corporation; and WAL-MART STORES, INC., a Delaware corporation <br><br> Defendants. | No: 02 C 2590 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Aero Products International, Inc. and Robert B. Chaffee, filed suit against Defendants, Intex Recreation Corporation; Quality Trading, Inc.; and Wal-Mart Stores, Inc. On September 15, 2004, after a jury trial, a final judgment was entered against Intex and in favor of Plaintiffs in the amount of approximately $7.25 million. Thereafter, Intex filed motions for judgment as a matter of law and for a new trial; and Intex was ordered to post a *supersedeas* bond, as required under Federal Rule of Civil Procedure 62 (d). The Defendant Intex filed a motion to stay the enforcement of this order. This was denied, and Intex posted a letter of credit of approximately $7.25 million obtained from Wells Fargo Bank, located in San Francisco, California. Aero moved to amend the judgment to incorporate attorney's fees, additional royalties from sales, and damages.

On November 7, 2005, the Amended Judgment was entered for approximately $12.9 million. The permanent injunction entered by the Court on September 14, 2004, was incorporated therein as part of the final judgment. Intex was again ordered to file an appropriate *supersedeas* bond pursuant to Fed. R. Civ. P. 62 (d) within 10 days from this entry of judgment. Intex did not return to Wells Fargo Bank, which issued its first letter of credit, or to any other U.S. financial institution. Rather, Intex proposed obtaining a letter of credit issued by the Hong Kong and Shanghai Bank Corporation ("HSBC"). This letter of credit "is available at the counters of Hong Kong and Shanghai Bank Corp., Mongkok, Kowloon, Hong Kong."

At a status hearing on November 3, 2005, counsel for Aero raised concerns about the *supersedeas* bond issued by the HSBC, noting that because the bank was located in a foreign jurisdiction, this Court's enforcement jurisdiction could be limited. Aero requested that Intex be required to submit a letter of credit from a U.S. financial institution. Intex disagreed, stating that submitting an alternative letter of credit would be a significant hardship. This Court set a briefing schedule; the parties were to file simultaneous submissions supporting their positions, on November 17, 2005. Presently before this Court are the parties' memoranda regarding the propriety of the letter of credit issued as security under Local Rule 65.1 (b) (4).

## ANALYSIS

In its memorandum, Aero submits that Intex's letter of credit is "fraught with risk and uncertainty." (Pl.'s Memo. at 2.) Aero warns that it is unclear whether personal jurisdiction can be asserted over a foreign bank that has issued a letter of credit to a beneficiary, simply by virtue of the issuance of the letter of credit, citing *LaSalle Business Credit, L.L.C. v. GCR Eurodraw S.p.A.*, No. 03 C 6051, 2004 WL 1880004, *8 (N.D.Ill. Aug. 18, 2004). Further, Aero contends

that: "even if this Court were able to obtain jurisdiction over Hong Kong and Shanghai Bank, it is not clear if Chinese laws would allow this Court to order a Chinese bank to disgorge substantial funds to a U.S. company." (Pl.'s Memo. at 2.)

Intex counters that the HSBC is part of the third largest banking institution in the world, that the location of the financial institution will not affect Aero's ability to collect on the letter of credit at the conclusion of the appeal, and that uniform regulations for letters of credit are distributed by the International Chamber of Commerce that are adhered to by banking institutions all over the world.

The Federal Rules of Civil Procedure provide that:

> When an appeal is taken the appellant by giving a *supersedeas* bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the *supersedeas* bond is approved by the court.

Fed.R.Civ.P. 62 (d). The Local Rule for the Northern District of Illinois, LR 65.1 (b), further provides, "Every bond or similar undertaking must be secured." LR 65.1 (b). The Rule states, "An unconditional letter of credit is an approved form of security." LR 65.1 (b) (4). The Rule is silent as to whether this letter of credit must be secured by a U.S. banking institution, and neither party has provided any case law interpreting this provision.

Federal Rule of Civil Procedure 62 (d) and Local Rule 65.1 are intended to maintain the status quo and protect the appellee (here, Aero) from loss while the appellant (here, Intex) appeals a judgment against the appellant. *See e.g., Miami Intern. Realty Co. v. Paynter,* 807 F.2d 871, 873 (10th Cir. 1986). This Court has previously ruled, on November 3, 2004 and again on October 19, 2005, weighing the factors expounded in *Dillon v. City of Chicago,* 866 F.2d 903,

904-05 (7th Cir. 1988), that posting a *supersedeas* bond was necessary.

While the HSBC may be a well-known financial institution and that a letter of credit from a U.S. financial institution may be of some hardship to Intex, the Court is charged with ensuring that the judgment can be satisfied, if necessary, upon the conclusion of the appeal. If this Court cannot assert personal jurisdiction over the financial institution issuing the letter of credit, this Court would be limited in its authority to protect the appellee.

## CONCLUSION

For the foregoing reasons, Intex is ordered to obtain an appropriate letter of credit from a U.S. financial institution.

Dated: December 8, 2005

JOHN W. DARRAH
United States District Judge